## L. GREEN et al. v. HENRY SHERROD.

### *Deed—Redemption Clause—Mortgage.*

A deed absolute on its face, but intended as a mortgage, cannot operate as such unless it is alleged and proved that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage.

This was a CIVIL ACTION, tried before *Connor, J.,* at April Term, 1889, of the Superior Court of FRANKLIN County.

The following issue was, by consent, submitted to the jury: " Was the deed set out in the complaint intended as a mortgage. If so, was clause for redemption omitted by mistake of the draftsman ?

The defendant introduced B F. Bullock, who, after being sworn, testified: " I wrote the deed from defendant to Green & Ryland during the year 1875; a note was executed by defendant to the grantee about the time the deed was made; the debt had been contracted before then; to secure a certain portion of this note, defendant agreed to convey to them a house and lot in Franklinton, with the understanding that when the debt was paid they were to let him redeem the property and reconvey to him; I wrote the deed from Green & Ryland to W. W. Green; I told him that the deed was absolute on its face, but was intended as a mortgage to secure a debt."

This being the entire evidence, the plaintiff requested the Court to instruct the jury that they should answer the issue in the negative. The Court so instructed the jury and verdict was rendered accordingly. Defendant excepted and appealed.

*Mr. C. M. Cooke,* for plaintiffs.
*Mr. N. Y. Gulley* (by brief), for defendant.

AVERY, J.—after stating the facts:  In *Norris* v. *McLam*, 104 N. C., 159, Justice SHEPHERD, delivering the opinion of the Court, says: "It is well settled, that in order to convert a deed, absolute on its face, into a mortgage, it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage." *Egerton* v. *Jones*, 102 N. C., 278.

There is no error.                                    Affirmed.