Battle, J.
 

 Among the allegations of his bill, there is a
 
 *366
 
 statement by the plaintiff that he executed to the defendant, his son, a deed whereby he conveyed to him the whole of the land in controversy, upon an agreement between them that, upon payment by the son of certain debts, due from the father, the deed should be destroyed, and then the plaintiff should execute to the defendant, another deed, conveying one-half, only, of the same land. The plaintiff, admitting that the debts have been, in part, paid by the defendant, seeks a reconveyance of one-half the land, and that the defendant may be enjoined from prosecuting an action of ejectment which he had commenced for the purpose of turning him out of the possession of the land. The defendant denies the agreement, and insists that the deed was intended to be, what it is, an absolute conveyance in fee for the whole tract of land. The only evidence tending to prove the agreement, as insisted on by the plaintiff, is by parol; and the question is, whether a Court of Equity will, under such circumstances, give relief.
 

 "We cannot see any difference in principle between this case and the ordinary one of a bill for the specific performance of a parol contract for the purchase of land. The statute of frauds declares such a contract to be void ; because its policy was to prevent the title of land from depending upon any other than evidence in writing. The plaintiff does not pretend, in the present case, that the deed was obtained from him by means of either fraud, accident, mistake, ignorance or undue advantage, but only that he “yielded to the persuasions of the defendant.” Having knowingly and intentionally transferred the whole tract of land to his son, he is now endeavoring to get back one-half of it, upon parol proof of an agreement by his son to reconvey it. This would expose the title of the defendant’s land to the danger of perjured or mistaken testimony. Why should it be allowed in this case more than any other ? The mischief is the same, and we cannot imagine a sound reason for any distinction in the principle applicable to it. However much we may regret that we cannot give relief in this particular case, we are consoled by the reflection that, in denying it, we are upholding the policy of the
 
 *367
 
 law, in the establishment of the salutary principle that men’s titles to land shall not depend upon the “ slippery memory of witnesses.”
 

 "We have not noticed the alleged mistake in relation to the sheriff’s deed; because, supposing it to be clearly proved, it. does not aid the plaintiff in the relief upon the other part of the transaction.
 

 The bill is dismissed, but without costs.
 

 Pee Cueiam:. • Bill dismissed.