Battle, J.
 

 The bill is filed for the purpose of converting a deed absolute on its face into a mortgage. To accomplish this, it must be alleged and proved that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage taken of the bargainor. There is no such allegation in the present bill. In one place it is stated that the plaintiff “ executed a deed of conveyance for the above described land to defendant Corpening absolute upon its face, but intended simply as a mortgage, as will
 
 *326
 
 more fully appear by the proofs.” To this is added that
 
 “
 
 plaintiffs show that it was the contract and agreement of the parties that defendant Corpening, having paid the debt to Harper, took the deed absolute on its face, but agreed to make a title bond at a subsequent day to the plaintiffs, conditioned to reconvey on the payment of the debt, interest, &c., on the judgment in favor of Harper.”
 

 These are all the allegations on the subject, and not one of them amounts to a statement that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage. The necessity for such an allegation is shown by the case of
 
 Brown
 
 v.
 
 Carson,
 
 Bus. Eq., 272, and by several other cases contained in 3d Bat. Dig., Tit. Mortgage.
 

 The defect in the bill for the want of proper allegations is not at all obviated by the statement that the facts “will more fully appear by the proof.” A bill seeking relief in equity must contain all the necessary allegations, and then the proofs must correspond with and support the allegations, or there can be no decree in the plaintiff’s favor. See Abstracts in 3 Bat. Dig., Tit. Pleading, Subdiv. m
 

 It is unnecessary to go into an examination of the answer or the proofs, as the bill does not state a sufficient case for the relief which it seeks; and it must therefore be dismissed with costs.
 

 Per Curiam
 

 Bill dismissed.