The plaintiff appealed.
This was a proceeding begun by summons and petition, before the clerk of the Superior Court of said Warren County, on the _____ day of June, 1886, for the purpose of having sold, to pay the debts of plaintiff's intestate, a certain tract of land, situated in the said county of Warren, belonging to plaintiff's intestate and described in the petition, and which was allotted to plaintiff's intestate as a homestead on 3 June, 1871, the said allotment having been made when homesteader (279) was unmarried and without children; and the homesteader having, afterwards and before he ever married, conveyed the homestead to one John E. Boyd, 20 August, 1873, by a deed upon its face in fee simple. Plaintiff's intestate died in March, 1885, having intermarried with the defendant, Nannie P. Jones, in the year 1876, and leaving the defendants Willie, Lucy and Lizzie, the issue of said marriage, who are now living and are still minors. The plaintiff insisted that as his *Page 223 
intestate had, before his said marriage, conveyed his homestead as aforesaid, his said homestead fell in at his death and was subject to his debts, even though he, after the said deed was made by him, married and had children.
The defendants, Nannie P. Jones, the widow of plaintiff's intestate, and her children, the said Willie, Lucy and Lizzie, answered the petition, alleging that the deed made by the said plaintiff's intestate to John E. Boyd, though on its face a fee-simple deed, yet in fact was one for the security of money; that the money was afterwards paid by said Mark P. Jones to the said Boyd, and that with his consent the said Boyd, on 21 July, 1883, conveyed the same to the said Nannie P. Jones, and that the same is not, nor will be, subject to the debts of plaintiff's intestate until his youngest child shall become twenty-one years old. This issue of fact having been joined by the pleadings, the clerk transferred the same for trial to the Fall Term, 1886, of the Superior Court of said county.
The matter came on for trial at the Spring Term, 1888, of said court, after regular continuances and after several new parties had been made, as the record will show at which Spring Term, 1888, Peter H. Allen, John Watson, and Mary Powell, on their own motion, were made parties and filed their answer. Their answer sets up the same defense which the other defendants made, and the further defense, that after the said John E. Boyd had conveyed the said homestead to the (280) said Nannie P. Jones, the said Nannie P. and her husband, the plaintiff's said intestate, executed a deed of trust to the defendant, P. H. Allen, to secure two debts due to the said John Watson, one in his own right, and the other to him as guardian of the defendant, Mary E. Powell, upon the said homestead, together with other lands of the said Nannie P., and that this deed of trust is a first lien on said homestead and other lands; and that said Boyd had the right to convey said land to said Nannie P. Jones, because he held the same coupled with a parol trust to convey the same to the said Mark P. Jones, upon the payment of a large sum of money due to him by the said Mark P., which he was unable to pay, and which the said Nannie P. paid out of her separate estate, and which conveyance was made with the consent of her husband, the said Mark P. Jones.
A jury was empaneled to try the issue submitted to them, which appears in the record, and was in the following words: "Was the conveyance by M. P. Jones to John E. Boyd subject to the trust declared in defendants' answer?"
The defendants introduced John R. Boyd, a son of the said John E. Boyd, John E. Boyd being then dead, to prove that the deed from Mark *Page 224 
P. Jones to the said John E. Boyd was, in truth and in fact, a deed for the security of money, and was so intended at the time of its execution, by conversations had between him and his deceased father in his lifetime. Plaintiff objected to the competency of the witness on two grounds: first, that the witness, being the son of the grantee, was interested in the event of the suit; and, second, that the deed being in fee simple on its face, and fully executed, ought not to be varied or altered in its meaning by verbal testimony. The objections were overruled, the plaintiff excepted, and the witness then testified as follows: That he had often heard his father, the said John E. Boyd, say that the said (281) deed, although on its face a fee simple one, yet was intended only as a deed to secure him an amount of money which the said Mark P. Jones owed him; that the money was paid to him by Mark P. Jones in 1883, with money borrowed by Mark P. Jones from John Watson.
The witness further testified, that he knew nothing of these facts of his own knowledge. The defendant, John Watson, then introduced Joseph S. Jones, the father of the said Mark P. Jones and brother-in-law of the said John E. Boyd, to prove the same facts for which the witness John R. Boyd was introduced, and the plaintiff entered the same objections to the testimony as was entered to the testimony of the said John R. Boyd, and the objections were overruled by the court. The plaintiff excepted, and the witness then testified, "that he had heard both Mark P. Jones and John E. Boyd, both at the time of the execution of the said deed and afterwards, say that the said deed was intended to be a security for money due to said Boyd by said Jones." The witness was then asked by counsel for defendant Watson if there was any parol agreement by which said Boyd was to reconvey to said Mark. P. Jones the said homestead tract, and also the balance of the land embraced in the tract of 720 acres conveyed by said Boyd to said Nannie P. Jones, on 21 July, 1883. The plaintiff entered the same objections, which were overruled; the plaintiff excepted, and the witness then stated, "that at the time of the purchase by John E. Boyd, of the land sold by W. S. Davis, commissioner, in August, 1873, the said Boyd agreed with the said Mark P. Jones, that if he, the said Mark P. Jones, would convey to him, the said Boyd, his homestead tract, he would hold the land bought by him from said commissioner, and also the homestead tract, for the said Mark P. Jones' benefit, and would reconvey the whole to him upon his repaying to him, the said Boyd, the amount which he had paid for the land sold to him by said commissioner, and also the (282) value of the one-sixth interest in a tract of land in Warren County, which said one-sixth interest the said Boyd had conveyed *Page 225 
to said Mark P. Jones in 1868, and for which he had not paid; that on 21 July, 1883, the said Boyd conveyed by deed to said Nannie P. Jones, with the consent of said Mark P. Jones, the said 720-acre tract of land, including the said homestead, whereupon the said Mark P. Jones and Nannie P. Jones borrowed from the said John Waston the amount due by said Mark P. Jones to said John E. Boyd, and executed to P. H. Allen a deed of trust, dated 21 July, 1883, to secure the said amount, and with this borrowed money the amounts due under the said agreement between Mark P. Jones and John E. Boyd were paid off in full."
The court was asked by the plaintiff's counsel to charge the jury that the evidence in this case, being the testimony of the said J. R. Boyd and J. S. Jones, did not in law establish a parol trust, which instruction the judge refused to give, but instructed the jury that unless the declarations of John E. Boyd were corroborated by facts and circumstances inconsistent with the idea of an absolute purchase, then they must find there was no trust, and the plaintiff excepted. The jury returned a verdict in the affirmative to the said issue submitted to them; whereupon, a judgment was rendered, that the plaintiff take nothing by his suit, and that said P. H. Allen, trustee, sell the land under the said deed from Mark P. Jones and Nannie P. Jones to him, for the purpose of paying the debts named therein.
Appeal by plaintiff.
It seems to have been conceded upon the trial that if the deeds conveying the "homestead tract" (which was the subject of the controversy) were not declared to have been intended as a mortgage, the plaintiff would be entitled to (283) sell the land and with the proceeds thereof pay the Cheatham judgment. This judgment against Mark P. Jones constituted a lien upon his land, and if before his marriage he conveyed it absolutely to Boyd, the latter and those claiming under him could not insist upon the homestead exemption after the death of Jones. The plaintiff, representing the judgment creditor, has, therefore, a sufficient interest in the property to entitle him to maintain the integrity of the deed as it is written; for if a clause of redemption is supplied by parol, and the debt has been paid, as alleged by the defendants, the homestead exemption will be prolonged until the death of the widow and the attainment of the majority of the youngest child.
It would be needless to multiply the pages of the Reports by quoting largely from the numerous decisions of our Court to the effect, that in *Page 226 
order to convert a deed absolute on its face into a mortgage "it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage." Streator v.Jones, 1 Murph., 449; Bonham v. Craig, 80 N.C. 224.
There is no pretense in our case that the alleged clause of redemption was omitted under any of the circumstances above mentioned. On the contrary, the deed seems to have been written as the parties intended. There is nothing in the testimony or pleadings which suggest any other view. The witnesses all say, in substance, that the "homestead tract" was conveyed as an additional security for the payment of the remainder of the land which Boyd had bought at the sale by the commissioner. Whatever may be said as to a trust attaching to this land in the hands of Boyd, and the admissibility of parol testimony to establish it, can have no application to the homestead tract, the title to which was in Jones, who conveyed it to Boyd upon the alleged agreement to reconvey (284) if the purchase money of the other tract was paid. We think that this case falls within the principles so happily expressed byPearson, C. J., in Wood v. Cherry, 73 N.C. 110, cited and approved in Shields v. Whitaker, 82 N.C. 516.
For these reasons, we are of the opinion that the objection to the testimony was well taken, and that there should be a new trial.
Error. Reversed.
Cited: Norris v. McLain, 104 N.C. 160; Green v. Sherrod,105 N.C. 198; Blount v. Washington, 108 N.C. 232; Sprague v. Bond,115 N.C. 533; Porter v. White, 128 N.C. 44; Newton v. Clark, 174 N.C. 394;Williamson v. Rabon, 177 N.C. 305; Chilton v. Smith, 180 N.C. 474;Pridgen v. Pridgen, 190 N.C. 106.