HAYWOOD NORRIS v. ISHAM McLAM et al.

*Cause of Action—Dismissal of Appeal—Reformation of Deed—Pleading.*

1. The Supreme Court will examine the entire record upon an appeal, and if it appears therefrom that no sufficient cause of action is stated, it will *ex mero motu* dismiss the appeal.

2. To convert a deed, absolute upon its face, into a mortgage, it must be alleged that the clause of redemption was omitted by reason of ignorance. mistake, fraud or undue advantage, nor will the Courts interfere to relieve against a deed where the testimony tends to show that it was oppressive and involuntarily executed, unless the proper averments as to these facts are made in the pleadings.

This is a CIVIL ACTION, which was tried before *Armfield*, J., at August Term, 1889, of JOHNSTON Superior Court.

The plaintiff alleges that he executed to one Isham McLam, the ancestor of the defendants, a certain absolute deed in fee, conveying the land mentioned in the complaint; that, at the time of the execution of said conveyance, the plaintiff was indebted to the said McLam in the sum of sixty dollars, and that the said conveyance was intended as a mortgage; "that the plaintiff objected to the execution of the said conveyance in the form in which it was written, but that the said McLam said to him (that) it was a mere matter of form; that it was cheaper than a mortgage and that he, McLam, would re-convey the said land" to plaintiff upon the payment of the said sixty dollars. The plaintiff further alleges that the land is of much greater value than the debt, and that he has tendered the same and demanded a re-conveyance. He prays to be permitted to redeem, and for "other and further relief." The answer denies all these allegations, and avers that full value was paid for the land. The statute of limitations was also

pleaded, and the case was submitted to the jury. Upon intimations of his Honor in respect to this plea, the plaintiff submitted to a non-suit and appealed.

*Mr. C. B. Aycock,* for the plaintiff.
*Messrs. Pou & Pou* filed a brief for defendants.

SHEPHERD, J.—after stating the case: It is unnecessary to consider the correctness of his Honor's rulings, inasmuch as we are of the opinion that the complaint does not state facts sufficient to constitute a cause of action. It is the duty of this Court to examine the entire record, and if no cause of action is stated, to dismiss the suit *ex mero motu. Johnson* v. *Finch,* 93 N. C., 208, and the cases cited.

It is well settled "that in order to convert a deed absolute on its face into a mortgage, it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage." *Streator* v. *Jones,* 1 Murph., 149; *Bonham* v. *Craig,* 80 N. C., 224; *Egerton* v. *Jones,* 102 N. C., 278.

There is an entire absence of any of these essential elements in the complaint, and the deed appears to have been written as the parties intended.

If, as is suggested by the testimony, the relations of mortgagor and mortgagee existed in respect to the land, at the time of the execution of the deed, and that, by reason of such relations, the transaction was oppressive and involuntary, it should have been so stated in the complaint. "There must be *allegata et probata,* and under the new system, as under the old, the Court cannot take notice of any proof unless there be a corresponding allegation." PEARSON, C. J., in *McKee* v. *Lineberger,* 69 N. C., 239.

For these reasons the non-suit must stand.

Affirmed.