* W. D. SPRAGUE v. L. N. BOND et al.

*Deed Absolute Intended as Mortgage—Equitable Relief, when Granted.*

A deed absolute on its face will not be converted by the Courts into a mortgage, unless upon allegation and proof that the clause of defeasance was omitted by reason of ignorance, mistake, fraud, or undue advantage taken of the bargainor.

CIVIL ACTION, tried at Spring Term, 1894, of CALDWELL Superior Court, before *Winston, J.,* and a jury.

The nature and history of the action, and the facts developed on the various trials of the same, appear in the reports of the several appeals—see 108 N. C., 382; 111 N. C., 425, 113 N. C., 551—and the facts necessary to the understanding of the decision of this appeal appear in the opinion of Chief Justice SHEPHERD.

*Messrs. M. Silver* and *I. T. Avery,* for plaintiff.
*Mr. S. J. Ervin,* for defendants (appellants).

SHEPHERD, C. J.: Several exceptions are presented in the record, but, in order to dispose of the appeal, it is only necessary to consider the ruling of his Honor in reference to the deed executed by the plaintiff to the defendant Rebecca B. Adams. This deed is absolute in its terms, and recites that it was made in consideration of $2,000 paid by the grantee. The plaintiff contends that this deed was intended as a

_____
* AVERY and CLARK, JJ., did not sit on the hearing of this case.

security for certain indebtedness, but there is no allegation
that the clause of defeasance was omitted by reason of a
mistake of the draughtsman. Indeed, it appears that the
instrument was prepared by counsel learned in the law, and
the plaintiff himself testifies that he cannot say that any-
thing was omitted which was intended to be inserted in the
same. Neither is there any allegation or proof that the
deed was procured by reason of undue advantage, or igno-
rance of the plaintiff, or that it was executed under circum-
stances of oppression growing out of the relation of debtor
and creditor, or of any other species of fraud whatsoever.
The case is simply one where an absolute deed is delivered
to the grantee through her agent, and the question is whether,
under the circumstances above mentioned, it can, under our
decisions, be converted into a mortgage upon the bare allega-
tion and proof that it was so intended by the parties. There
is a practical uniformity of judicial decision that an abso-
lute deed may be shown to 'be a mortgage, but there is a
great diversity of opinion as to the grounds upon which this
well-known equitable jurisdiction is exercised.

Perhaps a majority of the cases hold that fraud or mistake
in the preparation, or as to the form of the instrument, is
not an essential element in an action for relief; and in others
it is held that it is deemed a fraud on the part of the grantee
to deny that the instrument was intended as a security, and
that equity takes jurisdiction on this ground. In Georgia
it is enacted that fraud in the procurement of the instrument
is the issue to be tried; and in Pennsylvania, for the pur-
pose of upholding titles, a statute has been passed declaring
that an absolute deed cannot be shown to be a mortgage,
except by a written defeasance signed, sealed, acknowledged
and recorded. 1 Beach Modern Eq. Jur., 407. "In other
States," says Mr. Beach, "the relief is based upon some ordi-
nary grounds of equitable jurisprudence, such as fraud,
accident or mistake, and this is the rule," he remarks, "in

North Carolina, Alabama, Connecticut, Florida, Kentucky, Rhode Island, South Carolina, and, perhaps, Michigan." See also 1 Jones Mortgages, 310. That these authors are correct in their classification as to North Carolina is abundantly manifest from our decided cases. The decisions are so numerous, and the doctrine is so well established, that we need refer to only a few of our authorities.

In *Brown* v. *Carson*, Busb. Eq., 272, the Court said : " The bill, in effect, seeks to correct a deed absolute on its face and to hold it as security for a debt. To do this it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage."

In *Briant* v. *Corpening*, Phil. Eq., 325, the Court said : "The bill is filed for the purpose of converting a deed absolute on its face into a mortgage. To accomplish this, it must be alleged and proved that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage taken of the bargainor. There is no such allegation in the present bill. In one place it is stated that the plaintiff 'executed a deed of conveyance for the above described land to defendant Corpening absolute upon its face, but intended simply as a mortgage, as will more fully appear by the proofs.' To this is added that 'plaintiffs show that it was the contract and agreement of the parties that defendant Corpening, having paid the debt to Harper, took the deed absolute on its face, but agreed to make a title bond at a subsequent day to the plaintiffs, conditioned to reconvey on the payment of the debt, interest, etc., on the judgment in favor of Harper.' These are all of the allegations on the subject, and not one of them amounts to a statement that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage. The necessity of such an allegation is shown by the case of *Brown* v. *Carson*, Busb. Eq., 272, and by several other cases contained in 3 Battle's Dig., Tit. Mortgages."

We have thus quoted at length from the opinion of the careful and accurate Justice BATTLE, because the allegations in the case then before the Court are as strong, if not stronger, than the one now under consideration. Whatever may be the language of some of the early cases, the doctrine laid down in those we have cited has been consistently adhered to ever since. See *Link* v. *Link*, 90 N. C., 238, in which a number of cases, decided before and since Corpening's case, are cited in support of the principle therein stated. See also *Egerton* v. *Jones*, 102 N. C., 278; *Norris* v. *McLam*, 104 N. C., 159, and *Green* v. *Sherrod*, 105 N. C., 197. The allegations in the McLam case were much stronger than in this, and the Court held that the complaint did not set forth a cause of action. The Court said, " it is well settled that in order to convert a deed absolute on its face into a mortgage it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage. *Streator* v. *Jones*, 1 Murph., 149; *Bonham* v. *Craig*, 80 N. C., 224." It was only after a long struggle that the English Courts of Chancery entertained a bill to convert an absolute deed into a mortgage, it being stoutly contended that it would partially abrogate the statute of frauds. The jurisdiction was finally exercised both in England and America, but, as we have seen, there is much conflict as to the principle, as well as the conditions, under which the relief is granted. We see no reason to depart from the conservative view taken by this Court, and especially in consideration of the fact that such questions, seriously involving, as they do, the stability of titles, are no longer tried by learned Chancellors whose training and experience better enable them to detect the falsity of claims of this character and to guard against which the statute of frauds was wisely enacted.

The existence of a debt, the inadequacy of price, the retention of possession, may, in connection with other cir-

SPRAGUE *v.* BOND.

cumstances, be evidence of fraud, undue advantage or oppression where proper allegations are made, but, as we have said, we can find nothing in this case which brings it within the principle upon which relief may be given. Neither can we see how the principle that parol evidence may be admitted to rebut an equity applies, as the case is now presented. The defendant Rebecca, under the terms of her deed, was the equitable owner of the lands for which the grants have been issued. The land has been sold and the controversy relates only to the proceeds of the sale. Under her deed she is entitled to those proceeds, and it is unnecessary nor does she seek a specific performance so as to acquire the legal title to the land. Being the equitable owner of the proceeds under the deed, it may be shown that she has conveyed or abandoned the same, or that she is estopped from claiming them, but for the reasons we have given the terms of the deed under which she claims cannot be contradicted as the case now appears before us. We think there was error in the ruling in question, and that there should be a new trial. As the issues as to abandonment were not passed upon by the jury, we forbear a discussion of the exceptions relating to them.

New trial.