### FULLER v. JENKINS.

(Filed May 27. 1902 )

MORTGAGES —*Redemption —Deeds —Fraud —Mistake—Undue Advantage.*

> Where it is agreed between the grantor and grantee at the time a deed is delivered that it should operate as a mortgage, the grantor is entitled to have the deed declared a mortgage, although the redemption clause was not omitted by ignorance, mistake, fraud or undue advantage.

ACTION by Lee Fuller against H. T. Jenkins, heard by Judge *George A. Jones* and a jury, at July Term, 1901, of the Superior Court of SWAIN County.   From a judgment for the defendant, the plaintiff appealed.

*A. M. Fry,* for the plaintiff.
No counsel for the defendant.

CLARK, J.    This was an action to have a deed declared a mortgage to secure a loan for $30.    The issues were found as follows:

1. Was it understood and agreed between the plaintiff and the defendant at the time the deed was delivered, that the defendant should hold the same to be a security for the money paid by the defendant for the plaintiff?   Answer.  Yes.

2. Was the clause of redemption omitted from said deed by

reason of ignorance, mistake, fraud or undue advantage? Answer. No.

3. What amount, if any, is the defendant indebted to the plaintiff for rent of said property? Answer. $30.

Upon these findings the Court entered judgment in favor of the defendant. In this there was error.

In the recent cases of *Watkins v. Williams*, 123 N. C., 170; *Porter v. White*, 128 N. C.,42, and *Waters v. Crabtree*, 105 N. C., 394, it was held that the facts found in the first issue above would entitle plaintiff to a decree irrespective of the finding as to the state of facts presented by second issue above. Both issues are presented by the pleadings and the issues were submitted without objection. There is no exception to the charge, nor as to sufficiency or intensity of the proof. There was evidence that the land conveyed was worth $200, and that its annual rental value was $33. There was other evidence sufficient to be submitted to the jury. The only question before us, however, is as to the judgment upon the verdict.

Upon the issues found a decree should have been entered for the plaintiff that upon repayment of the original loan of $30 with interest, after deduction of the rent found to be due the plaintiff by the third issue, the defendant should reconvey, and in default of payment by plaintiff of balance due by a day named, there should be a foreclosure.

Reversed.