## J. SPRUNT NEWTON v. THORNE CLARK ET AL.

(Filed 24 October, 1917.)

### 1. Equity—Deeds and Conveyances—Reformation.

A deed will not be reformed into a mortgage in the absence of allegation and proof that it was not executed as it was intended to be, or that the clause of defeasance was omitted by reason of ignorance, mistake, fraud or undue advantage.

### 2. Trusts and Trustees—Deeds and Conveyances—Parol Trusts—Statute.

Parol evidence that a deed to lands was made upon agreement to reconvey the lands to the grantor upon a certain contingency is incompetent to establish a parol trust in the grantors' favor, and is inadmissible under the statute of frauds.

CLARK, C. J., did not sit.

APPEAL by plaintiff from *Connor, J.,* at the April Term, 1917, of CUMBERLAND.

This is an action brought for the purpose of having a certain deed, absolute in form, declared to be a mortgage.

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

*Bullard & Stringfield for plaintiff.*
*Robinson & Lyon and Manning & Kitchin for defendant.*

ALLEN, J. There is neither allegation nor proof that the deed which the plaintiff asks to have reformed was not executed as it was intended to be, or that the clause of defeasance was omitted by reason of ignorance, mistake, fraud or undue advantage, and this, under our authorities, is fatal to the plaintiff's action.

*Pearson, J.,* stated the principle clearly and succinctly in *Sowell v. Barrett,* 45 N. C., 54, as follows: "Since *Streator v. Jones,* 10 N. C., 423, there has been a uniform current of decisions by which these two principles are established in reference to bills which seek to correct a deed, absolute on its face, into a mortgage or security for a debt: (1) It must be alleged, and of course proven, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage; (2) the intention must be established not merely by proof of declarations, but by proof of facts and circumstances, *dehors the deed,* inconsistent with the idea of an absolute purchase. Otherwise, titles evidenced by solemn deeds would be at all times exposed to the 'slippery memory of witnesses.' These principles are fully discussed in *Kelly v. Bryan,* 41 N. C., 283, and it is useless to elaborate them again."

This excerpt from the opinion has been quoted literally and with approval in *Bonham v. Craig,* 80 N. C., 224; *Watkins v. Williams,* 123 N. C., 170; *Porter v. White,* 128 N. C., 43, and the same principle is declared in different language in *Kelly v. Bryan,* 41 N. C., 286; *Brown v. Carson,* 45 N. C., 272; *Briant v. Corpening,* 62 N. C., 325; *Edgerton v. Jones,* 102 N. C., 283; *Norris v. McLam,* 104 N. C., 160; *Sprague v. Bond,* 115 N. C., 532.

Nor does the alleged agreement, if established, raise a trust in favor of the plaintiff. This question was dealt with in *Bonham v. Craig,* in which the authorities are discussed, and the Court says: "Nor will it avail the plaintiff to treat the alleged agreement as raising a trust which, not being within our statute of frauds, may be enforced upon sufficient parol proof. The case made in the complaint on which relief is sought is the omission to insert in the deed a clause limiting the estate conveyed upon the grantee's undertaking to restore the property and reconvey title when the grantor returned, and the equity arising out of his refusal to do so. This is not a trust within the scope of any of the numerous adjudications to which our attention was called in the elaborate argument of counsel. It involves the question of the admissibility of evidence outside of the deed to control its operation and impose upon the grantee an obligation, on the contingency which has happened, to reconvey the land. Upon principle and authority, we think this cannot be done." This is approved in *Gaylord v. Gaylord,* 150 N. C., 228.

The case of *Ray v. Patterson,* 170 N. C., 226, is not in conflict with these authorities. The question presented by the appeal in the *Ray case* was as to the degree of proof required, whether by a preponderance of the evidence or by evidence clear, strong and convincing, and there was also present in that case the fact found by the jury that the defendants at the time the deed was executed by the plaintiff and which he was asking to have reformed were the owners of mortgages upon the land,

thus introducing into the case the doctrine peculiarly applicable to dealings between mortgagor and mortgagee, which does not appear in this record.

Not only is the case not opposed to the doctrine we have declared, but it clearly recognizes the same principle, when it is said in the opinion, "Equity will reform a written contract or other instrument *inter vivos* where, through mutual mistake of the parties or the mistake of one of them, induced by the fraud or inequitable conduct of the other, it does not as written truly express their agreement."

The judgment of nonsuit was properly allowed.

Affirmed.

CLARK, C. J., not sitting.