N. L. H. WILLIAMSON v. F. C. AND J. C. RABON.

(Filed 15 April, 1919.)

1. **Deeds and Conveyances—Mortgages—Trusts and Trustees—Parol Trusts —Evidence—Allegations—Fraud—Mistake—Redemption Clause.**

   For the courts to declare a deed to lands, absolute in terms, and conveying the fee-simple title, a mortgage of the grantor therein for the

security of a debt or obligation, it is necessary that there be allegation and proof that the clause of redemption was omitted therefrom by reason of ignorance, mistake, fraud, or undue advantage, and parol evidence is incompetent to establish a parol trust in the grantor's favor. *Newton v. Clark,* 174. N. C., 393, cited and applied.

**2. Pleadings — Allegations — Cause of Action—Defective Statement—Evidence.**

Where there is neither allegation nor proof that a deed to land, absolute on its face, sought to be declared a mortgage, had the redemption clause omitted upon grounds sufficient for the purpose, the action is one where a fact, essential to support a judgment in plaintiff's favor, is entirely lacking, rendering inapplicable the principle that a defective statement of a cause of action may be supplemented or cured.

**3. Courts—Stare Decisis—Opinions—Decisions—Vested Rights—Statutes—Common Law.**

While the doctrine of *stare decisis* or the adherence to judicial precedents is fully established, and will continue to be upheld in proper instances by our courts, and a single decision may become a precedent sufficiently authoritative to protect rights acquired during its continuance, its occurrence is more frequently in relation to the construction of statutes formally made by courts of last resort, thereafter considered as a part of the statute itself; and for this effect to be given to decisions declaratory of the common law or of general equitable principles, it is more usually required that there be a series of like decisions on a given subject, or, if one, that it is so definite in its terms and so generally acquiesced in and acted on that it has come to be recognized as an accepted rule on a given question.

**4. Same—Rule of Property—Deeds and Conveyances—Mortgages—Public Policy.**

The erroneous principle announced in *Fuller v. Jenkins,* 130 N. C., 130, that a deed absolute in form may be changed into a mortgage by reason of a contemporaneous parol agreement to that effect, without allegation or proof in the suit brought for that purpose, that the clause of redemption was omitted by mistake or fraud, etc., affords no basis for the application of the principle of *stare decisis* or recognition of a fixed rule of law under which rights may be acquired, it being soon overruled and standing alone, and in direct antagonism to the laws of this State as established by a current of decisions from the early times of the Court, and contrary to the rule of our system of jurisprudence maintaining the stability of titles and the security of investments and sound public policy which forms the basis of the doctrine relied upon.

ACTION tried before *Lyon, J.,* and a jury, at February Term, 1918, of COLUMBUS.

The action is to have a written deed for two tracts of land from plaintiff to defendant, absolute in terms and for value, declared and dealt with as a mortgage to secure about $2,000, with accrued interest, exact amount indefinite, on allegation and proof tending to show that at the time the deed was executed there was a parol agreement between the

parties that the same should stand as mortgage to secure said amount and plaintiff should have as much as three years to redeem same.

There was denial of the agreement by the defendant with averment and proof tending to show that the deed was absolute in term for a full and valuable consideration paid to the plaintiff.

On issues submitted the jury rendered the following verdict:

1. Did the defendants procure the deed, dated 6 January, 1915, in form a fee simple, upon the promise that plaintiff should have the right to redeem the land therein described upon payment of money advanced for plaintiff? Answer: "Yes."

If so, what is amount of debt due by plaintiff to defendants to secure the land in controversy? Answer: "$2,862, with interest from 6 January, 1915."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*McLean, Varser & McLean and Lewis & Powell for plaintiffs.*
*Irvin B. Tucker and H. L. Lyon for defendants.*

HOKE, J. It is the law of this State that "a written deed, absolute in terms, cannot be changed into a mortgage except upon allegation and proof that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage." This position was approved and confirmed in the recent case of *Newton v. Clark,* 174 N. C., 393, and it was there further held that "Parol evidence that a deed to lands was made on an agreement to reconvey the same to the grantor on a certain contingency is incompetent to establish parol trust in the grantor's favor," etc., citing a long line of authorities in support of both positions. The opinion then quotes with approval from *Pearson, J.,* in *Sowell v. Barrett,* 45 N. C., 54, as follows: "Since the case of *Streator v. Jones,* 10 N. C., 433, there has been a uniform current of decisions by which these two principles are established in reference to bills which seek to correct a deed, absolute on its face, into a mortgage or security for a debt: (1) It must be alleged, and of course proven, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage; (2) the intention must be established, not merely by proof of declarations, but by proof of facts and circumstances, *de hors* the deed, inconsistent with the idea of an absolute purchase. Otherwise titles evidenced by solemn deeds would be at all times exposed to the 'slippery memory of witnesses,'" and proceeds, "These principles are fully discussed in *Kelly v. Bryan,* 6 Ire. Eq., 283, and it is useless to elaborate them again. This excerpt from the opinion has been quoted literally and with approval in *Bonham v. Craig,* 80 N. C., 224; *Watkins v. Williams,* 123

WILLIAMSON *v.* RABÓN.

N. C., 170; *Porter v. White,* 128 N. C., 43, and the same principle is declared in different language in *Kelly v. Bryan,* 41 N. C., 286; *Brown v. Carson,* 45 N. C., 272; *Briant v. Corpening,* 62 N. C., 325; *Edgerton v. Jones,* 102 N. C., 283; *Norris v. McLam,* 104 N. C., 160; *Sprague v. Bond,* 115 N. C., 532." And, in negation of the right to establish a parol trust in favor of the grantor, cites *Gaylord v. Gaylord,* 150 N. C., 228.

It is nowhere alleged in the pleadings that the clause of redemption was omitted by mistake, nor do we find that any proof was offered to that effect nor is it established by the verdict. This is not a case then of a defective statement of a cause of action which has been in any way supplemented or cured but the case presented is one where a fact, essential to support a judgment in plaintiff's favor, is entirely lacking and the same must therefore be set aside. *Warlick v. Plonk,* 103 N. C., 81; *Emery and Wife v. R. R.,* 102 N. C., 209. In the latter case the principle is stated as follows: "The verdict, whether in response to one or many issues, must establish facts sufficient to enable a court to proceed to judgment." We were referred by counsel for plaintiff to the case of *Fuller v. Jenkins,* 130 N. C., 554, as an authority to the effect that a deed, absolute in form, may be changed into a mortgage by reason of a cotemporaneous parol agreement to that effect and without allegation or proof that the clause of redemption was omitted by mistake or fraud, etc., and it is insisted that the principle of *stare decisis* may be invoked in support of the present proceedings and in protection of the rights and interests arising to plaintiff while that case expressed the ruling of the Supreme Court on the question presented. The doctrine of *stare decisis* or the principle of adherence to judicial precedents is fully established in this State, and in proper instances will continue to be steadfastly upheld. *Mason v. Cotton Co.,* 148 N. C., 492, and *Hill v. R. R.,* 143 N. C., 539. The position recognized in *Fuller v. Jenkins* having been entirely disapproved in the later case of *Newton v. Clark, supra,* the doctrine is not in strictness presented by the record, and the question recurs on the effect to be allowed the case of *Fuller v. Jenkins* as a precedent in support of the interest which plaintiff is here endeavoring to assert. While a single decision may become a precedent sufficiently authoritative to protect rights acquired during its continuance, such a case more frequently occurs in the construction of statutes applicable, in which case an authoritative interpretation, formally made by a court of last resort, is thereafter considered a part of the law itself and may be invoked to protect titles acquired and investments made on the faith of the principle so recognized and declared. In decisions, however, declaratory of the common law or of general equitable principles, in order to establishment of such a precedent, it is more usually required

that there be a series of decisions on a given subject, or if one, that it be so definitive in its terms and so generally acquiesced in and acted on that it has come to be recognized as the accepted rule on a given question.

It is said that a Supreme Court decision in that class of cases does not constitute the law but is only evidence of it, and the general rule is that when a court of last resort has felt called on to overrule such a decision it is not thereafter considered bad law but as never having been the law applicable in such case.

*Mason v. Cotton Co., supra,* and authorities cited; Ram on Judgments, ch. 3, p. 47, and the question of how far it should serve to protect intervening rights, is largely in the discretion of the court that rendered it. Black on the Law of Judicial Precedents, p. 187; dependent on the character of the decision itself, that is, whether it is sufficiently definitive and purports to establish a given principle; the nature of the right for which protection is claimed and whether it was considered and reasonably relied upon in the case presented, and how far a sound public policy is involved and must be allowed to affect the question. The principle appearing in *Fuller v. Jenkins* is in direct antagonism to the law of this State, as established by a current of decisions, well nigh from the beginning of the Court, certainly as far back as *Streator v. Jones,* 10 N. C., 433, in 1824, one of them, *Porter v. White,* 128 N. C., 42, just one year prior to the case in question and fully reaffirmed in the later decision of *Newton v. Clark, supra;* all holding that in order to change a deed into a mortgage it must be alleged and proved that the clause of redemption was omitted by mistake, etc. The case does not, in terms, purport to lay down any definite or different principle nor to question or disturb the law as it formerly prevailed. It has not since been cited or referred to as an authoritative precedent and is evidently an inadvertence on the part of the Court and of the able and learned Judge who wrote the opinion. In the case of *Ray v. Patterson,* 170 N. C., 226, to which we were also cited and in which a similar issue appeared, the decision was made to turn principally on an erroneous ruling of the Court as to the *quantum* of proof for which a new trial was allowed, and the instant question was in no way presented or passed upon. Again, there is no rule in our system of jurisprudence that has a greater tendency to maintain the stability of titles and the security of investments than that which upholds the integrity of solemn written deed and protects them from assault by parol testimony except in specified and very restricted instances, and sound public policy which forms the basis of *stare decisis* and its proper application forbids that, on the facts of this record, the decision relied upon by plaintiff should be in any way recognized as a precedent, rendering, as it would, all muniments of title coming under it liable to be altered or set aside by parol evidence as in

ordinary cases. In no aspect of the matter therefore can *Fuller v. Jenkins* be regarded as an authoritative decision available for the protection of the right asserted by plaintiff in the present suit, and the position is fully supported by the decided cases on the subject. Thus, in *Mason v. Cotton Co., supra,* the Court refused to allow the principles of an overruled case in protection of a claimant's rights under an executory contract, the decision being contrary to a general business law and not having been acquiesced in as the settled rule on the subject. And in *Quaker Realty Co. v. La Basse,* 131 La., 996, reported also in 31 Amer. and Eng. Anno. Cases, p. 1073, it was held "That a single decision can seldom serve as a basis for *stare decisis* and never where opposed to previous decisions, especially where they are overruled· without being referred to as if they had escaped the attention of the Court." And in the editorial note in the publication referred to there are numbers of cases from courts of the highest authority to the effect that a solitary decision has been held insufficient to change the law on a given subject as it had formerly prevailed. In *Herron, Admr. v. Whiteley Malleable Castings Co. et al.,* 47 Ind. App., 335, it was decided, among other things: "The decisions of the Supreme Court do not constitute the law but are merely·evidence thereof, and people have no right to rely thereon until harmonious and well-advised opinions have been reported and have stood unchallenged for a long time.

" . . . 2. Where the decisions of the Supreme Court are conflicting or are so recently made that the parties cannot be presumed to have contracted in·reference thereto, the doctrine of *stare decisis* cannot be invoked in support of a contract." In *Stockton, Trustee v. The Duncan Mfg. Co.,* 22 N. J, Eq., p. 5'6, involving the validity of a tender in United States notes at a time when they were held insufficient for the purpose and the effect of a subsequent decision holding this a valid tender, the Court held: "A change in the law, by decision, is retrospective, and makes the law at the time of the first decision as it is declared in the last decision, as to all transactions that can be reached by it. Hence, a tender having been made in United States notes before the commencement of this suit, the mortgage debt must be considered as legally tendered." And the case of *Stowes v. Cortes and Wife,* 90 Texas, p. 283, and *Allen v. Allen,* 95 Cal., p. 185, are in affirmance of the same general principle.

For the reasons indicated we are of opinion, as stated, that the facts established by the verdict and shown in the record are insufficient to support the judgment and that the same must be set aside and a new trial had, with leave given to plaintiff to amend his pleadings, making further averment of his cause of action if the facts available should justify such a course.

Error.