M. T. CHILTON v. PATSY SMITH AND JOHN R. SMITH.

(Filed 1 December, 1920.)

**1. Trusts—Parol—Deeds and Conveyances—Statute of Frauds.**

A parol trust cannot be established between the parties in favor of the grantor in a deed conveying an absolute fee-simple title to lands, nor can such deed be converted into a mortgage without allegation and proof that a clause of defeasance or redemption was omitted therefrom by reason of ignorance, mistake, fraud, or undue influence. C. S., 938.

**2. Mortgages — Deeds and Conveyances — Conveyance to Mortgagee — Fraud—Presumptions—Burden of Proof.**

The principle establishing a *prima facie* case of undue influence, and placing the burden of proof on the mortgagee to disprove it when the mortgagor has conveyed the mortgaged lands to him in fee simple in payment of the debt, does not apply because the mortgagee, the plaintiff in his action to recover possession, happens to be the president of a bank which holds a number of the defendant's notes secured by mortgage on his land, with the plaintiff as endorser, in the absence of any control or coercion on his part, and defendant has placed his defense upon a separate and distinct ground.

WALKER, J., concurring in result.

APPEAL by defendants from *McElroy, J.,* at April Term, 1920, of STOKES.

This was an action of ejectment, tried at the Spring Term, 1920, of STOKES, before *McElroy, J.,* and a jury. The action was brought against Patsy Smith and Susan Smith, who answered alleging that they were holding the land in controversy under and as tenants of John R. Smith, who came in and being made party defendant, filed his answer alleging that at the time he executed his deed to the plaintiff there was a parol agreement between them that the plaintiff would reconvey the land described in said deed, upon repayment to him by the defendant, out of the rents and profits of the land, all of the money paid by the plaintiff for the benefit of the said John R. Smith. He was allowed to amend his answer by inserting the following paragraph:

"9½. The said plaintiff pretended to be the friend of the defendant for the purpose and with the intent of procuring the legal title to the land above mentioned, intending to defraud the defendant out of the legal title to the same; that the defendant relied upon the statement of the plaintiff that he would reconvey the land to the defendant, and would hold the same as security for money advanced by the plaintiff to this defendant, and relying upon such statements and assurances, the defendant was misled, deceived, and induced to sign the deed above mentioned; that the plaintiff stated to this defendant that if he would execute the deed to him (the plaintiff) he would hold the same as security and reconvey the same to the defendant at a later date when the defendant should repay him the money so advanced, but did not intend to do so, and at the time the plaintiff made such statements he knew they were false, and made them for the purpose of cheating and deceiving the defendant out of the land. And the defendant, relying thereon, was induced thereby to execute said deed, and was thereby defrauded out of his land."

The plaintiff, replying to said paragraph 9½, averred that it was "untrue, and expressly denied the same."

The jury responded to the issues submitted as follows: (1) Was the deed of 31 July, 1915, executed by John R. Smith and wife to M. T. Chilton, intended as a mortgage, and if so, was the redemption clause omitted from said deed by reason of the fraud of the grantee? Answer: "No." (5) Are the defendants in the wrongful and unlawful possession of said land, as alleged in the complaint? Answer: "Yes." (6) What damage, if any, is the plaintiff entitled to recover? Answer: "1 per month from 23 April, 1916."

These findings made it unnecessary to answer the other issues submitted. Judgment upon the verdict in favor of the plaintiff. Appeal by defendant.

*McMichael, Johnson & Hackler for plaintiff.*
*Jones & Clements and Holton & Holton for defendant.*

CLARK, C. J. The defendant, John R. Smith, did not allege in his answer that his deed to the plaintiff was intended as a mortgage, nor did he allege, or offer proof, that the clause of *defeasance* or *redemption* was omitted therefrom by reason of ignorance, mistake, fraud, or undue influence or advantage, but admits that it was a deed absolute upon its face; that he knew it was such, and was intended to be so drawn; that it was mailed to him by the plaintiff, who was 12 miles away, and was signed and acknowledged by him, with full knowledge of its contents in the absence of the plaintiff, and was then delivered by him to the plaintiff.

The defendant having failed to allege and offer proof that the clause of defeasance or redemption was omitted from the deed by reason of ignorance, mistake, fraud, or undue influence, the evidence tendered by him to show an oral agreement by the plaintiff to reconvey, or that he made the deed relying on such promise, which the defendant did not intend to keep, was incompetent, and was properly excluded. *Sowell v. Barrett,* 45 N. C., 50; *Brown v. Carson, ib.,* 272; *Campbell v. Campbell,* 55 N. C., 364; *Briant v. Corpening,* 62 N. C., 325; *Bonham v. Craig,* 80 N. C., 224; *Egerton v. Jones,* 102 N. C., 278; *Norris v. McLam,* 104 N. C., 159; *Sprague v. Bond,* 115 N. C., 530; *Newton v. Clark,* 174 N. C., 393; *Williamson v. Rabon,* 177 N. C., 302; *Newbern v. Newbern,* 178 N. C., 3.

In *Gaylord v. Gaylord,* 150 N. C., 227, it was held that a parol trust cannot be established between the parties in favor of the grantor in a deed, when the effect will be to contradict or change by a contemporaneous oral agreement the written contract clearly and fully expressed. This is a well considered case in which the subject was elaborately discussed, and which has been repeatedly recited as authority—*see* citations in the Anno. Ed. And it has been followed since that volume has been annotated in *Newton v. Clark,* 174 N. C., 394, citing numerous cases; and *Williamson v. Rabon, supra,* and *Newbern v. Newbern, supra,* where the subject was again discussed.

To permit the terms of a solemn conveyance, absolute on its face, to be contradicted by a contemporaneous parol agreement would be in the teeth of the letter and the intent of the statute of frauds. C. S., 988.

In *Fuller v. Jenkins,* 130 N. C., 554, it was held that "Where it was agreed between the grantor and the grantee at the time the deed was delivered that it should operate as a mortgage, the grantor is entitled to have the deed declared a mortgage by reason of such agreement, although the redemption clause was not omitted by reason of ignorance, mistake, fraud, or undue advantage." But this case seemingly stands alone, and in *Williamson v. Rabon,* 177 N. C., 306, it was fully considered and expressly overruled.

If a mortgagor conveys to the mortgagee the mortgaged property, the conveyance is *prima facie* made under undue influence, because the mortgagor is *in chains* and the burden is on the mortgagee to prove the contrary. But that is not the case here, though there was a mortgage for $1,000 given by the defendant to secure a debt to which the plaintiff was his surety and John R. Smith was debtor to a bank, of which the plaintiff was president, for money borrowed. It is not alleged or shown that any confidential relation existed, which placed the defendant under the control or undue influence of the plaintiff. The defendant's case

rests solely upon an alleged contemporaneous oral agreement in conflict with the terms of the conveyance.

In view of the uniform decisions of this Court, and the elaborate discussion of the principles now presented by the defendant in *Gaylord v. Gaylord,* 150 N. C., 222, and *Williamson v. Rabon,* 177 N. C., 304, we could add nothing that would justify our restatement of the principles so clearly laid down in those and other cases above cited.

No error.

WALKER, J., concurs in result only.