J. B. WADDELL ET AL. v. ALEXANDER AYCOCK ET AL.

(Filed 7 March, 1928.)

**1. Wills—Construction—Nature of Estates and Interests Created—Rule in Shelley's Case.**

A devise of lands to testator's two sons, J. and H., to be equally divided; to the former "to be to him, his heirs and assigns forever"; to the latter, "I lend to him for his use his lifetime, and at his death, I devise to his heirs forever": *Held*, the word "heirs," as applied to the devise to H., is construed in its technical sense as carrying the estate to his entire line of heirs and according to the rule in *Shelley's case* H. takes a fee-simple absolute in the lands so devised to him.

**2. Trusts—Constructive Trusts—Grounds Therefor—Parol Trusts.**

A parol trust cannot be engrafted on an unqualified fee simple with full warranty and covenant deed in favor of the maker in the absence of fraud, mistake, or undue influence.

**3. Same—Mortgages—Equity.**

Equity will not convert a deed, conveying upon its face an absolute fee-simple title to lands, into a mortgage when it is not shown that the clause of redemption was omitted by reason of fraud, mistake, or undue influence.

**4. Fraud—Pleadings—Sufficiency of Allegations.**

When fraud is relied on to convert, in equity, a deed which upon its face conveys an absolute fee-simple title to lands into a mortgage, the fraud must be alleged in the pleadings with sufficient certainty and fullness to indicate to the opposing party what he is called upon to answer.

**5. Limitation of Actions—Statute of Limitations—On Equitable Relief for Fraud, Mistake, etc., and to Convert Fee into Mortgage.**

A suit for equitable relief on the ground of fraud or mistake is barred by the lapse of three years, and one to convert the fee-simple title into a mortgage within ten years after the right of action accrued when the alleged mortgagee is in possession.

**6. Attorney and Client—Offices of Attorney—Duties and Privileges—Supervision of Court.**

An attorney at law is an officer of the court in the sense that he owes a duty to the public, as well as to his client, and the manner of his exercise of his right to practice is subject to the court's supervisory power.

**7. Trials—Voluntary Nonsuit—On Transmission by Absent Attorney.**

It is not error for the trial judge to omit or refuse to sign a voluntary judgment as of nonsuit transmitted to him by the attorney of the defendant, or waive the appearance of the attorney in court, for the purpose of the motion.

APPEAL by plaintiffs from *Grady, J.*, at November Term, 1927, of WAYNE. Judgment on the pleadings. Affirmed.

*R. L. Ray for plaintiffs.*
*Dickinson & Freeman for defendants.*

ADAMS, J. Upon the face of the pleadings—the complaint, the answer, and the reply—there appear certain undisputed facts. Harris Waddell made a will, the second item of which is in these words: "I give and devise to my grandsons, John Waddell and Henry Waddell, my tract of land lying on the north side of Molton Branch, said to contain 150 acres, to be equally divided, John's to be to him, his heirs and assigns forever, Henry's part I lend to him for his use his lifetime, and at his death I do devise to his heirs forever." Not John's interest, but Henry's, is in controversy. It is manifest that in the devise to Henry the word "heirs" must be construed in its technical sense as carrying the estate to the entire line of heirs; that as used here it is not a word of purchase, but a word of limitation; and that Henry acquired an estate in fee under the rule in *Shelley's case. Nichols v. Gladden,* 117 N. C., 497; *Smith v. Smith,* 173 N. C., 124; *Hartman v. Flynn,* 189 N. C., 452. On 17 January, 1899, apparently after partition, Henry Waddell with the joinder of his wife, executed and delivered to Barnes Aycock a deed in fee simple, with the usual covenants of warranty, conveying 57½ acres of the land he had acquired under the devise. The grantee forthwith entered upon the land and retained undisturbed possession thereof until his death, which occurred in 1926. Immediately after his death the defendants went into possession claiming title to the land as his children and heirs at law. Henry Waddell died 3 May, 1925, and on 12 April, 1927, the plaintiffs as his heirs brought suit to recover the land he had conveyed to the ancestor of the defendants. They base their action upon these allegations: (1) When the deed was executed a parol trust was created for the benefit of the grantor; (2) the deed, though absolute in form, was intended as a mortgage; (3) the statute of limitations did not run against the plaintiffs during the lifetime of Henry Waddell.

1. It may be said with respect to the first of these propositions that while parol trusts are recognized, and under certain conditions are upheld in our jurisprudence, in the absence of fraud, mistake, or undue influence, they cannot be engrafted in favor of the maker upon a warranty deed conveying to the grantee an absolute and unqualified title in fee. *Gaylord v. Gaylord,* 150 N. C., 222; *Tire Co. v. Lester,* 192 N. C., 642.

2. An answer to the plaintiffs' second position is given in *Norris v. McLam,* 104 N. C., 159, and in cases subsequently decided maintaining the principle that to convert a deed absolute on its face into a mortgage it must be shown that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue influence or advantage. *Green v.*

*Sherrod,* 105 N. C., 197; *Sprague v. Bond,* 115 N. C., 530; *Frazier v. Frazier,* 129 N. C., 30. In *Fuller v. Jenkins,* 130 N. C., 554, it was held that an agreement between grantor and grantee, made at the time a deed was delivered, that it should operate as a security for debt was sufficient to convert it into a mortgage; but this conclusion was subsequently disapproved in *Newton v. Clark,* 174 N. C., 393, and *Williamson v. Rabon,* 177 N. C., 302. The only averment of fraud is that of "fraud in deceit of Barnes Aycock practiced on plaintiffs' ancestor," and this is fatally defective. Fraud must be alleged with sufficient certainty and fullness to indicate to the opposing party what he is called upon to answer. *Mottu v. Davis,* 151 N. C., 237; *Marshall v. Dicks,* 175 N. C., 38; *Galloway v. Goolsby,* 176 N. C., 635; *Evans v. Davis,* 186 N. C., 41. Nor under the admitted facts is the allegation as to "the mutual mistake of the draftsman" sufficient to impeach the judgment.

3. The plaintiffs were likewise in error as to the running of the statute of limitations. The father of the defendants, the grantee in the deed, had possession of the land in controversy from 1899 to 1926, and the defendants have since held uninterrupted possession. This is admitted by the plaintiffs, but they say that the possession of the defendants was not adverse for the reason that Henry Waddell acquired only a life estate under the will and that during his lifetime the statute did not run against them as remaindermen. This is an erroneous interpretation of the devise, and such an error cannot affect the character of the defendants' possession. A suit for relief on the ground of fraud or mistake is barred by the lapse of three years, and a suit to redeem a mortgage, when the mortgagee is in possession, must be instituted within ten years after the right of action accrued. It is alleged in the complaint that the debt was payable at any time, or in effect that it was payable on demand; so in any event the plaintiffs are not entitled to the relief demanded.

We have pointed out the appellants' allegations for the purpose of showing that their claim is not meritorious; but they now assail the judgment on another ground. They except because the trial judge did not permit them to take a voluntary nonsuit.

The attorney who represented the plaintiffs did not attend the term of court at which the judgment was rendered. He "advised" the presiding judge "that it was impossible to try the case," but afterwards received information that a continuance would not be granted. He then prepared a judgment of nonsuit and mailed it to the judge requesting that it be signed. It was not signed, and upon this ground only the plaintiffs prosecute their appeal. Waiving the contention that upon the allegations and admissions in the pleadings the defendants were entitled to affirmative relief of which they could not be deprived by a voluntary nonsuit, we are unable to discover any error in the refusal to sign the

judgment tendered. While an attorney is not a public officer in the constitutional or statutory sense, he is an officer of the court, charged with the performance of an obligation to the public no less significant than his obligation to his client. His right to practice law is a privilege, not a natural right; and the manner in which the privilege is exercised is subject to the supervisory power of the court. For this reason he is expected to be present when he undertakes to represent his client in term, and if he is not, the court is under no obligation to waive his presence. The judgment is

Affirmed.