DANIEL D. DAVENPORT ET AL. v. Z. H. PHELPS.

(Filed 22 March, 1939.)

**1. Reformation of Instruments § 1—**

A deed absolute on its face may be corrected into a mortgage upon allegation and proof that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage.

**2. Reformation of Instruments § 10—**

In order to correct a deed absolute on its face into a mortgage on the ground of ignorance, mistake, fraud or undue advantage, the grounds of relief must be established, not merely by the declarations of the parties or the unaided memory of witnesses, but by facts and circumstances *dehors* the instrument which are inconsistent with an absolute conveyance.

**3. Reformation of Instruments § 8—**

In order to correct a deed absolute on its face into a mortgage on the ground of ignorance, mistake, fraud or undue advantage, plaintiff is required to prove the ground of reformation by clear, strong, and convincing proof.

**4. Reformation of Instruments § 10—Evidence held sufficient to overrule nonsuit in this action to reform deed into a mortgage.**

In this action to correct a deed absolute on its face into a mortgage, plaintiffs' evidence, supported by proper allegation, tended to show that plaintiffs applied to defendant for a loan to refinance their home to save it from foreclosure, that defendant agreed to lend them the money upon a deed of trust, that a deed was prepared by a draftsman at the direction of the defendant, that neither of plaintiffs could read or write, which fact was known to defendant and the draftsman, that the draftsman did not read the deed in full although requested to do so by plaintiffs, that plaintiffs signed the deed, which was absolute in form, thinking that they were signing a deed of trust, that plaintiffs' daughter was working for defendant at the time, that the amount of the consideration was grossly inade-

quate, and that plaintiffs remained on the land after execution and delivery of the deed. *Held:* The allegations and evidence were sufficient to be submitted to the jury, and the granting of defendant's motion to nonsuit was error.

APPEAL by plaintiffs from *Bone, J.,* at October Term, 1938, of WASHINGTON.

Civil action to reform deed on ground of fraud or mistake and to redeem.

There is allegation and evidence tending to show that in March, 1936, the plaintiffs applied to the defendant for a loan of $435.00 to refinance an encumbrance on their home, which was about to be sold; that the defendant agreed to lend the money and take a deed of trust on plaintiffs' farm as security; that the farm was then worth $1,500; that a deed was prepared by Edgar Woodley at the direction of the defendant and had it in defendant's home when the plaintiffs arrived; that neither of the plaintiffs can read or write, which fact was known to the defendant and to the draftsman; that the draftsman did not read the deed in full, though requested to do so; that when the plaintiffs signed the deed "they understood they were signing a deed of trust"; that plaintiffs' daughter was working for defendant at the time, and that plaintiffs remained on the land after the execution and delivery of the deed.

From a judgment of nonsuit entered at the close of all the evidence, the plaintiffs appeal, assigning errors.

*W. M. Darden and H. S. Ward for plaintiffs, appellants.*
*Carl L. Bailey and W. L. Whitley for defendant, appellee.*

STACY, C. J. In actions to convert a deed absolute on its face into a mortgage or security for a debt, the authorities are one in holding that upon proper preliminary allegation, as that a clause of redemption was intended to be inserted in the instrument, but was omitted by the ignorance or mistake of the draftsman, or by some fraud or circumvention of the opposite party, or some oppression or advantage taken of plaintiffs' necessities, equity will afford relief by considering the clause thus shown to have been omitted, as if it had been set out in the instrument, provided the matter can be and is established, not merely by the declarations of the parties or the unaided memory of witnesses, but by facts and circumstances, *dehors* the instrument, which are inconsistent with the idea of an absolute purchase and such as are more tangible and less liable to be mistaken than mere words. *Kelly v. Bryan,* 41 N. C., 283; *Muse v. Hathaway,* 193 N. C., 227, 136 S. E., 633.

Speaking to the subject in *Sowell v. Barrett,* 45 N. C., 50, *Pearson, J.,* delivering the opinion of the Court, said: "Since *Streator v. Jones,* 10

N. C., 423, there has been a uniform current of decisions, by which these two principles are established in reference to bills which seek to correct a deed, absolute on its face, into a mortgage or security for a debt:

"1. It must be alleged, and of course proven, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage;

"2. The intention must be established, not merely by proof of declarations, but by proof of facts and circumstances, *dehors the deed,* inconsistent with the idea of an absolute purchase. Otherwise, titles evidenced by solemn deeds would be, at all times, exposed to the 'slippery memory of witnesses.' "

This has been quoted with approval and applied in many later cases, notably *Newton v. Clark,* 174 N. C., 393, 93 S. E., 951; *Porter v. White,* 128 N. C., 42, 38 S. E., 24; *Watkins v. Williams,* 123 N. C., 170, 31 S. E., 388; *Bonham v. Craig,* 80 N. C., 224. The same principle has been stated in different language in *Newbern v. Newbern,* 178 N. C., 3, 100 S. E., 77; *Sprague v. Bond,* 115 N. C., 530, 20 S. E., 709; *Norris v. McLam,* 104 N. C., 159, 10 S. E., 140; *Egerton v. Jones,* 102 N. C., 278, 9 S. E., 2; *Briant v. Corpening,* 62 N. C., 325; *Campbell v. Campbell,* 55 N. C., 364; *Brown v. Carson,* 45 N. C., 272; *Kelly v. Bryan, supra.*

It is also held for law in this jurisdiction that "a written deed, absolute in terms, cannot be changed into a mortgage except upon allegation and proof that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage." *Williamson v. Rabon,* 177 N. C., 302, 98 S. E., 830; *Waddell v. Aycock,* 195 N. C., 268, 142 S. E., 10; *Green v. Sherrod,* 105 N. C., 197, 10 S. E., 986; *Sprague v. Bond, supra; Frazier v. Frazier,* 129 N. C., 30, 39 S. E., 634; *Egerton v. Jones, supra.*

"It is well settled 'that in order to convert a deed absolute on its face into a mortgage, it must be alleged, and of course proved, that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage' "—*Shepherd, J.,* in *Norris v. McLam, supra.*

Nor is this all. In such cases the *quantum* of proof required is, that the evidence shall be clear, strong and convincing. *Ray v. Patterson,* 170 N. C., 226, 87 S. E., 212.

These safeguards have been adopted and thrown about written instruments lest in the effort to prevent frauds, greater wrongs be done to those who trust the written word, which abideth and changeth not, rather than the memory of witnesses. *Williamson v. Rabon, supra.* To this end, the statute of frauds was enacted. C. S., 988. Of all the sins for which philosophy can find so little excuse it is the sin of intellectual pride.

*Chilton v. Smith,* 180 N. C., 472, 105 S. E., 1. On the other hand, some people of limited experience are able to remember what to them is an important transaction in its minutest detail. Unlike others of large affairs, they have nothing of equal or greater importance to think about or to blur their recollections. This is especially true among our unlettered population. They may be illiterate, but they are not ignorant. The old Negro tenant, who was being sued by his landlord over a cotton crop, made a wise observation when he said to the jury: "Please understand, I am not 'faulting' Mr. A., or suggesting that he is 'storying' about this matter. He would not do that. It has simply slipped his memory. He is a very busy man. Other matters have crowded from his mind the details of the transaction, while I have not had anything on my mind for the past year but this cotton crop." No wonder the jury understood his meaning, and decided with him.

Many cases fully establish the law to be, that "provided it appear to have been the real intent of the parties to have the clause inserted and the instrument was put in the form of an absolute deed by ignorance, mistake, fraud, or undue advantage," equity will treat the instrument as if the clause were inserted. *Kelly v. Bryan, supra; McDonald v. McLeod,* 36 N. C., 221.

In *Streator v. Jones,* 10 N. C., 423, the circumstances *dehors* the instrument relied upon were gross inadequacy of price; the possession being retained by the plaintiffs and the payment of interest; and there was the preliminary allegation of oppression to account for the clause of redemption not being inserted. The plaintiff was hard pressed for money, and was forced to consent to the omission of the clause, the matter being cut short by the declaration of the defendant: "Here take the money you want, and trust to my word."

The allegations and facts of the instant case seem to bring it within the doctrine of *Streator v. Jones, supra.*

Perhaps it should be observed that the case is not one of a deed absolute on its face, with contemporaneous written agreement or option for repurchase by grantor. *O'Briant v. Lee,* 214 N. C., 723; *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721; *Watkins v. Williams,* 123 N. C., 170, 31 S. E., 388; Annotations, 79 A. L. R., 937, and L. R. A., 1916-B, p. 101.

Reversed.