By the Court.
 

 The bill does not charge any circumstances of fraud, mistake or accident; nor does it charge that Complainant was a needy man, and that Defendant, knowing his necessitous circumstances, took advantage thereof, and thereby procured an absolute deed, when only a mortgage was intended. The bill states a case of two men, equally free and competent to contract, having made an agreement as to the conveyance of a tract of land, part of which agreement they reduced to writing, and part thereof by mutual consent still rested in parol; and this latter part is in direct contradiction to the former. That part of the agreement which is in writing, sets forth an absolute and unconditional sale of the lands ; that part which by mutual consent was not reduced to writing, sets forth that the sale was not absolute, but conditional, and that Complainant
 
 *451
 
 was entitled to have the lands reconvcycd to him upon his performing the condition. In other words, the Complainant asks to be permitted to contradict by parol evidence his written contract with the Defendant, and assigns no other reason for this request than that ho and the Defendant had voluntarily agreed that the writing should not set forth their contract truly. It would be too palpable a violation of the rules of evidence to permit the Complainant to set up a parol agreement contradictory of the written one. He agreed “ to trust to the Defendant’s wordupon that he must still place his trust. This Court can give him no relief. The rules of evidence applicable to this case, are discussed at large in the case of Smith
 
 v.
 
 Williams, decided at this term.