.Ruffin, Chief Justice.
 

 The cause is brought to hearing without evidence, upon the bill, answer and replication; and, from the pleadings, the case is as follows: (His Honor here stated the case as above, and then proceeded.) Upon the argument, the counsel for the defendants placed not much .stress on the defences brought forward in the answer; and we think very properly, as they are clearly insufficient. In the first place, the sheriff’s sale is no bar, even if a legal title had
 
 *397
 
 been the subject of it, as the purchaser only succeeds to the defendant in the execution, and is affected by all the equities against him.
 
 Freeman
 
 v.
 
 Hill,
 
 1 Dev. & Bat. Eq. 389.— Much more must this be so, when the defendant in the execution has himself but an equity. If it be of that kind which is liable to be sold, the purchaser can only claim to stand in the shoes of the debtor, and get a title only by doing those acts, on the performance of which, the debtor himself would have been authorised to ask for a conveyance.
 

 Precisely on the same footing stands the purchase of the son from the father himself; which was of an equity only. It is only the honest purchaser of a legal title, whom equity will not disturb. If the purchase be of the legal title, but with notice of an equity in another; or if it be only an assignment of an equity, with or without notice of a prior equity in another person: in either case, the estate must, in the hands of the purchaser, answer all the claims to which it would have been subject in the hands of the vendor. Between mere equities, the elder is the better.
 

 Against the present defendant, then, the plaintiff is entitled to all the relief which this Court would have given him against the original purchaser, for whom he was surety. 'W'e have, during the present term, in the case of
 
 Green and others
 
 v.
 
 Crockett and others,
 
 applied the equity between principal and surety to a state of facts substantially the same with the present, and decreed for the sureties; and in so doing, we have laid down no new principle, nor made a novel application of an old one. Neither the purchaser nor his as-signee could get the title, without paying the purchase money; and if the surety paid it, the vendor ought not then to convey, but hold the title for the indemnity of the surety, who has a right to it by substitution. But when the principal is insolvent, the surety, although he may not have paid the money, has an immediate equity to subject the land, because that has then become, in fact, the only fund to which he can have access, and as between it and the surety, is, as it were, the principal debtor, and not simply a collateral security. We are not speaking of the rights and duties of the creditor and surety, as between themselves, but those which arise be
 
 *398
 
 tween the surety and his principal, or the principal’s assign-ee. As to these last, there is a plain and strong equity, when it is admitted or ascertained that the original debtor is person-apy ¿jisakie(j from furnishing any means for the exoneration of the thing pledged, that such pledge should forthwith be applied to the purposes for which it was created, in discharge or diminution of the surety’s responsibility.
 

 It was, however, insisted for the defendant, that his father was a necessary party; and that the plaintiff cannot have a decree without reviving the suit against his heirs. There are two answers to this objection. The one, that the defendant is stated by both the bill and the answer to be the assignee of all the interest his father had; and, therefore, the latter is not a necessary party, as there could be no relief decreed against him; and the only effect of having him before the Court, would be to eonclude him.
 
 Thorpe
 
 v.
 
 Ricks,
 
 1 Dev. & Bat Eq. 613. The second answer is, that what is required in the argument exists in fact; for the present defendant is admitted in the answer to be the son of John Gallant; and the latter is dead without, as far as appears, leaving any other child, or having made a will; and so, the defendant is his only child and heir. It cannot be requisite to bring him in as heir by bill of revivor, because the plaintiff does not seek to charge him as heir to any purpose whatever.
 

 We think, therefore, that it must be referred to the Master to enquire what is due for principal and interest of the debt for which the plaintiff is liable, as stated in the pleadings; and that it must be declared that the land, also mentioned in the pleadings, is liable for the sum that may thereupon be found due, and for the costs of the plaintiff in prosecuting this suit; and if the defendant shall not pay such principal, interests and costs, within some reasonable time, it must be ordered that the Clerk and Master of Mecklenburg sell the land, and: out of the proceeds pay, in the first place, the principal money and interest due on said debt; and in the next place, the said costs, if sufficient therefor.
 

 Per Curiam. Decree accordingly.