## N. L. STITH v. JACOB LOOKABILL.

*Trustee — Possession of Land by Equitable Owner.*

1. A grantee of a trustee who holds only the legal title to land stands in the shoes of the trustee.

2. In an action by such grantee against the person entitled to the equitable estate who is in possession, for the recovery of the land; *Held*, that the plaintiff is not entitled to recover.

CIVIL ACTION to recover possession of Real Estate, tried at Fall Term, 1875, of CABARRUS Superior Court, before *Schenck, J.*

The plaintiff claimed as devisee of one A. B. Stith, who bought the land in controversy at execution sale. The defendant claimed as tenant of one Sturges who claimed to be the owner in fee of said land, or if not the owner in fee, then the beneficiary owner, and entitled to the equitable fee therein, but by consent of both parties the Court found the facts to be as follows:

1. Plaintiff and defendant both derive title from one John M. Lisle, who executed a deed in trust to one Camman on the 9th July, 1853.

2. Under certain proceedings, (which were admitted,) in which said A. B. Stith was plaintiff and said Camman defendant, a levy was made on the 27th of September, 1855, and thereafter a sale and deed were made by the Sheriff to said A. B. Stith, conveying the land in dispute. A. B. Stith died leaving a last will and testament in which he devised said land to plaintiff.

3. That said deed in trust from Lisle to Camman conveying said land was executed at the instance and by the direction of the Conrad Hill Gold and Copper Company.

4. That one George R. Haywell negotiated said sale to said Company at $40,000 and that in pursuance of their original purpose, the North Carolina Mining Company, through the efforts of said Haywell, a member thereof, became a branch of said Gold and Copper Company.

5. Said property went into the possession of said Mining Company on 7th of July, but the said deed from Lisle to Camman was not really executed on the 9th of July, 1853.

6. On the 19th of October, 1854, said Mining Company executed a deed in trust conveying said land to one Sloan, who took possession of the same; and during his occupancy of about six years, he paid certain debts against both of said Companies, and contracted others in course of his operations, and to pay these he advertised and sold said land according to the provisions of said trust, when one Russell Sturges became the purchaser and obtained a deed.

7. That plaintiff and his devisor were stockholders in said Mining Company and assisted in its organization; that said Sturges was a member of said Gold and Copper Company, and that said Camman, individually and as trustee, had full knowledge of all of said proceedings and assented thereto.

His Honor thereupon held, that plaintiff was the owner of the legal estate subject to the equities of the *cestui que trusts* under the Camman deed. The devisor of plaintiff being a purchaser at Sheriff's sale, succeeded only to the rights of the defendant in execution and is affected by all the equities against him; in other words Stith stands in the shoes of Camman. *Walke* v. *Moody*, 65 N. C. 599. If Camman is estopped to deny the equitable or legal title of Sturges, so is Stith and his devisee, the plaintiff; and Camman taking interest and advantage by and under his acts and deed is estopped from denying the deed of Sturges who claims directly through him.

The motion of plaintiff for writ of possession was overruled. Judgment that defendant go without day and recover costs. Appeal by plaintiff.

*Mr. W. H. Bailey*, for plaintiff.

*Messrs. Dillard & Gilmer* and *J. M. McCorkle* for defendant.

READE, J.  Land is conveyed to A in trust for B.

A has the legal title and conveys to C.

B has the equitable title and conveys to D.

Who is entitled to hold the land in this Court, C or D ?

Very clearly D is entitled to hold the land in a Court of equity as this is.

That is substantially this case, and that principle settles this case in favor of the defendant.

John M. Lisle, conveyed the land to one Camman in trust for certain persons.  The plaintiff's devisor had an execution against Camman levied on the land and bought it at Sheriff's sale.  That puts the plaintiff in the shoes of Camman with the naked legal title.

The *cestui que trusts* conveyed to Sloan who conveyed to the defendant's landlord.  That puts the defendant in the shoes of the *cestui que trusts* with the equitable title.

The plaintiff insists that even if that principle be correct, yet it does not apply here because the defendant does not represent the *cestui que trusts*; that the *cestui que trusts* were the Conrad Hill Gold and Copper Company ; and that that Company attempted to join and merge itself into the North Carolina Mining Company, by proceedings which were irregular and ineffectual for that purpose, and that the said North Carolina Mining Company conveyed to Sloan, &c.

It may be admitted as contended by the plaintiff, that the deeds and proceedings relied on by the defendant, are irregular and ineffectual to pass the legal title, for if they had been ever so regular and formal they could not have passed the legal title.  The legal title was in the plaintiff and not in the *cestui que trusts.*  But what the defendant

rightly insists upon is that the deeds and proceedings coupled with the facts that they were for value and were fair and *bona fide*, operate as assignments of the equitable interest of the *cestui que trusts*; and that having the possession of the land he is entitled to hold it.

There is no error.

PER CURIAM.                         Judgment affirmed.