W. B. MOORE v. A. Q. MOORE and Wife, L. B. MOORE et al.

(Filed 23 December, 1909.)

1. Lands—Possessory Action—Title—Death of Party—Abatement.

An action for the possession of land involving title does not abate by the death of a party except by order of the court. Revisal, sec. 415.

2. Same—Order of Court—Next Term—Criminal Term—Summons— Service—Reasonable Time.

In an action for possession of lands involving title, it appeared that the plaintiff claimed under a deed from the defendant and his wife, and that, the death of the defendant being suggested, the court ordered that his heirs be made parties defendant. No process or notice being issued or given under this order, the court again ordered that notice issue or the action abate at the next term. A criminal term intervened, but before the next civil term, all the heirs, at least those resident within the State, had been served, and this within two years from the date of the death of their ancestor. *Held*, (1) the second order, by fair intendment, meant that the action should abate if process on the heirs was not served before the next civil term; (2) the defendants' motion for abatement should be denied, it appearing that the service upon the heirs was made within two years after the death of the ancestor, within the time fixed by the order, and that the mother of the heirs continued to be a party defendant. *Rogerson v. Leggett*, 145 N. C., 7, cited, approved and distinguished.

3. Deeds and Conveyances—Mutual Mistake—Color.

When defendants, the heirs at law of plaintiff's grantor, have failed to set aside his deed to plaintiff for mistake, which admittedly covered the *locus in quo*, the deeds incident to the title become the property of the plaintiff, the grantee, as muniments of his title, and thereafter the occupation of the grantor, or his heirs, even if adverse, would be without "color."

4. Deeds and Conveyances — Mutual Mistake — Parties — Beneficial Owner—Declarations—Evidence—Res Gestae.

A. conveyed by deed to C. certain of his lands, and C. conveyed the same to W., the plaintiff, who brings his action against A. for possession, the action involving title, and the death of A. being suggested, his heirs are made parties defendant. *Held*, (1) if properly pleaded, the equitable defense is available that, by mutual mistake, the land in controversy was embraced in the description of the deed from A. to C.; (2) C. was not a necessary party as he had conveyed all his interests in the land to plaintiff, and especially when he was practically the beneficial owner of the land from the beginning; (3) the declarations of the plaintiff that there was a mistake in the deed from A. to C. as contended for by the defendants, are competent evidence, being by the principal party in interest, made in the treaty or purchase and directly relevant to the issue. So far as it appears in this case, it was a pertinent fact in the *res gestae*.

APPEAL from *Joseph S. Adams, J.,* May Term, 1909, of HENDERSON.

Civil action, to recover possession of a piece of land. Summons in the action was issued 18 August, 1902, by W. B. Moore, present plaintiff, against A. Q. Moore and wife, L. B. Moore, grantors in the deed to A. C. Moore. Some time in 1906, the precise time not stated in the record, the death of A. Q. Moore was suggested and an order was made that his heirs at law be made parties defendant. No process was issued or notice given under this order; and at November Term, 1907, an order was entered that notice issue or action abate at the next term. Prior to the next civil term, process was issued and some of the defendants served, and thereafter publication was made for certain other defendants who were nonresidents. On these facts the defendants moved that the action abate as to the heirs of A. Q. Moore. Motion denied, and defendants excepted.

The plaintiff claimed the land in controversy under a deed from A. Q. Moore and wife, L. B. Moore, to C. E. Moore, in October, 1887, purporting to convey the land described in the complaint and deed from C. E. Moore to W. B. Moore, plaintiff, purporting to convey same land, and offered said deeds in evidence, and it was admitted that said deeds embraced the land.

Defendants answered, denying plaintiff's title, set up the statute of limitations, and, for a further defense, alleged that A. Q. Moore and wife had only bargained and sold to C. E. Moore and W. B. Moore a tract of land, the correct description of which, in terms, and by the contract between them, did not embrace the land in controversy, and, by mistake of the parties, the deed in question was so drawn as to include said land; and on the trial defendants offered, with other evidence tending to show that the contract was as defendants claimed, certain statements of plaintiff claimed to be relevant to the issue.

The court excluded the testimony offered, on the ground that C. E. Moore, the grantor in the original deed, was not a party or present at the making of the statement, and, second, because the evidence was not connected with the execution of the deed in which the alleged mistake was alleged to have occurred, and defendants excepted. The court further held that on the testimony neither party had ripened title by possession, and defendants again excepted. Verdict for plaintiff, judgment, and defendant excepted and appealed.

*H. B. Stevens* and *Charles F. Toms* for plaintiff.
*O. V. F. Blythe* for defendant.

HOKE, J., after stating the case: Under our statute (Revisal, sec. 415), where the right survives, an action does not abate by the death of a party, except by order of the court (*Burnett v. Lyman,* 141 N. C., 500); and while we have held in *Rogerson v. Leggett,* 145 N. C., 7, that a failure of the court to make such order for a period of eight years or more, and when there was nothing to indicate that the heirs of deceased were aware that an action was pending against them, was such an abuse of legal discretion as to constitute error, and might be available in some instances as a defense, the principle does not apply, we think, to the facts presented here, when the mother of these heirs was and continued to be a party of record, and these heirs themselves, or all who were resident in the State, were served within two years from the death of their ancestor and within the time fixed by order of the court; for we hold that the order which was made in this case, by fair intendment, meant the next civil term, and did not contemplate the intervening criminal term of the court; and there was no error, therefore, in denying defendants' motion for abatement of the action.

Nor was there any error in the ruling of the trial court as to the statute of limitations. Unless there was a mistake in the deed from A. C. Moore and wife, their title passed, for it is admitted that the deed, as it stands, includes the land in controversy. If the title was conveyed, the deeds incident to the title became the property of the grantee as muniments of his title, and thereafter the occupation of the grantors, even if adverse, was, so far as appears, without color and did not exist for the length of time required. In fact, it was not shown to exist for seven years, even if there had been color.

We are of opinion, however, that there was error in holding that, in order to make the equitable defense set up by defendants available, it was necessary that C. E. Moore, the grantee in the deed assailed, should be made a party. It is well established that an equitable defense of this kind in impeachment of plaintiff's claim is available if properly pleaded. *Finishing Co. v. Ozment,* 132 N. C., 839; *Farmer v. Daniel,* 82 N. C., 153; *Stilh v. Lookabill,* 76 N. C., 465; *Ten Broeck v. Orchard,* 74 N. C., 409. And, on the facts presented, such defense is available against W. B. Moore, the present plaintiff. The evidence shows that the original contract was made with him, the bond for title was so drawn, and he has all along been the owner of the beneficial interest or the greater portion of it. More than this, it appears that C. E. Moore has conveyed all the interest he had in the land to W. B. Moore, the present plaintiff, and, as between him and the de-

fendants, the entire interest to be affected by this litigation is now before the Court. It may be that C. E. Moore is a desirable party; that he could be made such by order of the Court; but he is no longer a necessary party, and all the rights involved in the case can be determined without his presence. *Mullins v. Mc-Candless,* 57 N. C., 425; *Polk v. Gallant,* 22 N. C., 395.

In this last case it was held, among other things: "That an assignor is not a necessary party to a bill against an assignee when it appears from both bill and answer that all the interest of the assignee has been transferred." And, this being an issue properly raised, the evidence offered by defendants tending to show that W. B. Moore, plaintiff, stated that the contract of purchase and the deed to C. E. Moore was only to include the land as alleged and contended by the defendants should have been received. It was a statement by the principal party in interest, made in the treaty of purchase and directly relevant to the issue. So far as now appears, it was a pertinent fact in the *res gestae. Fraley v. Fraley,* 150 N. C., 501.

For the errors indicated, there must be a new trial of the case, and it is so ordered.

New trial.