At April Term, 1934, of the Superior Court of Yancey County, the plaintiff recovered a judgment against the defendant J. R. Pate for the sum of $421.91, which has been duly docketed in the office of the clerk *Page 513 
of the Superior Court of said county, and is now a lien on lands owned by the said defendant situate in Yancey County. The indebtedness for which said judgment was recovered was contracted during the year 1928 or the year 1929.
On 28 October, 1933, S.W. McIntosh and his wife executed a deed by which they conveyed to the defendant J. R. Pate the land described therein for a recited consideration of $6,000. After the execution and delivery of said deed, but before its registration, the defendant J. R. Pate caused the said deed to be altered by the insertion therein, after his name as the party of the second part, of the words, "and wife, Kittie Pate." The deed, as registered in the office of the register of deeds of Yancey County, contains the names "J. R. Pate and wife, Kittie Pate," as parties of the second part, and conveys the lands described therein to the parties of the second part, their heirs and assigns.
The plaintiff alleges in his complaint that "the defendant J. R. Pate, with intent to cheat and defraud his creditors, and especially this plaintiff, as plaintiff is informed and believes and now alleges, after he had procured the said deed, and after said deed had been executed, had the name of his wife, Kittie Pate, inserted so as to be able to make the claim that said land was owned not by J. E. Pate individually, but by J. R. Pate and his wife, Kittie Pate, by the entirely." This allegation is denied in the answer filed by the defendants.
The defendants in their answer allege that the purchase money for said land, to wit, the sum of $6,000, was the proceeds of a policy of insurance in which the defendant Kittie Pate was the beneficiary; that prior to the execution of the deed described in the complaint, the grantors therein, S.W. McIntosh and his wife, had executed a deed by which they conveyed the land described in said deed to the defendants J. R. Pate and his wife, Kittie Pate; that after said deed had been executed, it was discovered that by reason of an error in the description, the land conveyed thereby was not all the land which the grantors had contracted to convey to the grantees; that for this reason the first deed was returned to the grantors, with the request that they cause a new deed to be prepared, containing a proper description; that by reason of a mistake of the draftsman the second deed contained only the name of J. R. Pate as the grantee; and that after the second deed had been delivered, and the mistake of the draftsman discovered, but before the same was registered, the defendants caused the name of Kittie Pate to be inserted in said deed as a party of the second part.
The plaintiff prays in his complaint that the deed from S.W. McIntosh and wife, dated 28 October, 1933, as registered in the office of the register of deeds of Yancey County, be reformed by striking from said deed the words "and wife, Kittie Pate." *Page 514 
The defendants in their answer pray that if it shall be held by the court that the words "and wife, Kittie Pate," were improperly inserted in said deed, the same be reformed by inserting the said words in said deed, thereby correcting the mistake made by the draftsman of said deed.
At the trial, the defendants tendered the following issue:
"Was the name of Kittie Pate omitted from the deed of 28 October, 1933, by reason of the mistake of the draftsman of said deed, as alleged in the answer?"
The court refused to submit this issue, and the defendants excepted.
The court thereupon submitted issues, which were answered as follows:
"1. Were the words `and wife, Kittie Pate,' inserted in the deed of 28 October, 1933, after the execution and delivery of said deed by S.W. McIntosh and wife to J. R. Pate, and without the knowledge of said grantors? Answer: `Yes.'
"2. Is the defendant J. R. Pate the owner of the lands described in the complaint? Answer: `Yes.'"
From judgment in accordance with the verdict, the defendants appealed to the Supreme Court, assigning errors as appear in the case on appeal.
The issue tendered by the defendants at the trial of this action arises on the pleadings. There was evidence elicited by the defendants on their cross-examination of the grantor in the deed referred to in the complaint, to wit, S.W. McIntosh, tending to sustain the affirmative of the issue. For these reasons there was error in the refusal of the court to submit the issue tendered by the defendants, for which the defendants are entitled to a new trial. See McIntosh N.C. Prac. Proc., page 545, and cases cited in the notes. In the absence of the issue, the defendants were deprived of an opportunity to offer evidence in support of their prayer for affirmative relief in this action.
When the action is called for trial in the Superior Court, the plaintiff, if he is so advised, may tender an issue arising upon his allegation, which is denied in the answer, that the alteration in the deed was made by the defendant J. R. Pate with the purpose to cheat and defraud his creditors. An affirmative answer to such issue will be pertinent to the right of the defendants to equitable relief as prayed by them in their answer. See Respass v. Jones, 102 N.C. 5, 8 S.E. 770.
The grantors in the deed which both parties to this action seek to have reformed are proper, if not necessary, parties to this action. See Sills v.Ford, 171 N.C. 733, 88 S.E. 636; Moore v. Moore, 151 N.C. 555, *Page 515 66 S.E. 598. If either of the parties desires to have said grantors made parties to the action, before a new trial, they may by proper motion in the Superior Court have an order entered to this effect.
For the error in the refusal of the court to submit the issue tendered by the defendants, the defendants are entitled to a new trial. It is so ordered.
New trial.