EVALYN CARSON PERKINS v. SIDNEY E. PERKINS.

(Filed 19 November, 1958.)

**1. Reformation of Instruments § 7—**

A deed absolute on its face cannot be converted into a mortgage without allegation and proof that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage.

**2. Reformation of Instruments § 8—**

In order to correct a deed absolute on its face into a mortgage, plaintiff must establish his case by clear, strong and convincing proof.

**3. Reformation of Instruments § 6—**

In order to maintain an action to reform a deed absolute on its face into a mortgage, the party asserting the right must be the grantor in the deed or in privity with him. However, if the grantor has conveyed his entire interest, he is not a necessary party and the person succeeding to his equity may maintain the action without his joinder.

**4. Trusts § 2b—**

The party seeking to establish a resulting trust upon a fee simple deed must allege that the deed was executed by a third party to the grantee with the understanding that the grantee would hold the property in trust for him and would convey same to him upon payment of a stipulated sum or the performance of some specified act, and that he had complied with the conditions upon which the agreement was based, and mere allegation that the grantee had agreed to hold the property in trust for him without setting forth the conditions of the asserted trust or the facts and circumstances that led up to and created the trust relationship, is insufficient.

**5. Pleadings § 10—**

A counterclaim is substantially the allegation of a cause of action on the part of the defendant against the plaintiff, and it must set forth the facts constituting such cause with the same precision as if the cause were alleged in a complaint.

**6. Husband and Wife § 5:    Trusts § 2a—**

Where the husband conveys, or has a third party convey, to his wife a tract of land without consideration, the transaction will be presumed a gift to the wife, and in order to establish a resulting trust in his favor, he must rebut the presumption by clear, strong and convincing proof, and allegation merely that the wife paid no consideration and had no financial interest in the property is insufficient.

**7. Reformation of Instruments § 7—**

Where the party seeking to reform a deed absolute on its face into a mortgage, offers evidence that the deed was executed to the grantee in fee simple at his request, the court properly refuses to permit him to amend his pleading after verdict so as to allege that the redemption clause was omitted from the deed by reason of ignorance or mutual mistake, since the evidence does not support such allegation.

**8. Pleadings § 22b—**

The court properly refuses to allow an amendment after verdict when the evidence fails to support the requested amendment.

**9. Husband and Wife § 5—**

A conveyance by the wife to the husband without complying with the statutory requirements of G.S. 52-12, is null and void.

**10. Pleadings § 24c—**

The admission of evidence upon an aspect of the case not supported by allegation is error.

PARKER, J., not sitting.

APPEAL by plaintiff and defendant from *Pless, J.*, June 2, 1958 Regular "B" Civil Term of MECKLENBURG.

This action was instituted by the plaintiff on 28 January 1957 to have a certain deed from the plaintiff to the defendant, dated 18 September 1951 and filed for record on 19 November 1956 and recorded in the office of the Register of Deeds of Mecklenburg County, in Book 1889, page 20, declared null and void and removed from the record as a cloud on plaintiff's title.

Facts alleged in the complaint which are necessary to an understanding of this appeal are as follows:

The defendant, Sidney E. Perkins, and the plaintiff, Evalyn Carson Perkins, were husband and wife when the deeds challenged herein were executed. (However, according to the evidence introduced in the trial below they were divorced in the State of Alabama on 28 May 1957.)

The defendant conveyed the property in controversy, known as 806 East Tremont Avenue, Charlotte, North Carolina, to his brother, Thomas P. Perkins, on or before 4 December 1948, which deed is duly recorded in the office of the Register of Deeds of Mecklenburg County, in Book 1439, page 436.

Thereafter, on 17 August 1950, Thomas P. Perkins and his wife conveyed the property to the plaintiff for a recited consideration of $100.00 and other valuable considerations, which deed was filed for registration on 2 October 1950 and duly recorded in the office of the Register of Deeds of Mecklenburg County, in Book 1471, page 273.

In the acknowledgment of the deed dated 18 September 1951, which the plaintiff alleges is a cloud on her title, the provisions of G.S. 52-12 were not observed as required by the foregoing statute for the conveyance of property from a wife to her husband.

The defendant answered, setting up defenses by way of counterclaims or cross-actions, that: (1) the original deed from Thomas P. Perkins and wife (not parties to this action) to the plaintiff was actually a mortgage from the defendant to the plaintiff; (2) the

conveyance from Thomas P. Perkins and wife to the plaintiff was executed with the understanding that the plaintiff would hold said property in trust for the defendant; (3) the plaintiff paid no consideration for the property; and (4) at no time has the defendant made a gift of this property to the plaintiff, neither has the plaintiff returned or reported the property for gift tax purposes.

The plaintiff filed a reply to the further answers and defenses including the cross-actions, and denied them in pertinent part.

The plaintiff at the close of defendant's evidence demurred *ore tenus* to the first, second, third and fourth further answers and defenses and counterclaims or cross-actions, for that:

(1) With respect to the defendant's first further answer and defense by way of counterclaim or cross-action, (a) there is nowhere alleged that the clause of defeasance or redemption was omitted from the deed from Thomas P. Perkins to Evalyn C. Perkins by reason of fraud, mistake, undue influence or ignorance on the part of the plaintiff; (b) the instrument sought to be reformed and declared to be a mortgage is a deed absolute wherein the grantor therein is not a party to this action, and the defendant herein seeking to reform said instrument was not a party to the instrument in question.

(2) With respect to the defendant's second further answer and defense by way of counterclaim or cross-action, (a) no facts or substantial allegations appear to show the court the conditions under which the plaintiff agreed to take title to the property in trust for the defendant, etc.

(3) With respect to the defendant's third further answer and defense, (a) only a conclusion is alleged with respect to lack of consideration or inadequate consideration. No allegation is made to indicate what the consideration was or what adequate consideration would have been.

(4) With respect to the defendant's fourth further answer and defense, (a) this defense wholly and fatally fails to state any declaration upon which relief can be granted. The pleadings clearly indicate that the defendant did not have title to the property in question.

The court below overruled the demurrer *ore tenus* as to each of the four further answers and defenses by way of counterclaims or cross-actions.

The following issues were submitted to the jury and answered as indicated:

"1. Was the deed from Thomas P. Perkins and wife to the plaintiff, dated August 17, 1950, and recorded in the Mecklenburg Registry in Book 1471 at page 273 intended as a mortgage from Sidney E. Perkins to the plaintiff? Answer: Yes.

"2. If so, was the redemption clause omitted therefrom by reason of ignorance or mutual mistake of the parties? Answer: Yes.

"3. If so, what amount is Sidney E. Perkins indebted to the plaintiff under said mortgage?   Answer: $3,000.00 with interest at 4% from August 17, 1950.

"4. Is the plaintiff trustee of a resulting trust, in favor of the defendant, of the real property described in deed from Thomas P. Perkins and wife to the plaintiff, dated August 17, 1950, and recorded in the Mecklenburg Registry in Book 1471, at page 273?   Answer: No."

Judgment was entered on the verdict except interest at six per cent was substituted in lieu of the four per cent awarded on the third issue, and both the plaintiff and the defendant appeal, assigning error.

*Clayton and London for plaintiff.*
*Peter H. Gerns, for defendant.*

DENNY, J.  We shall first consider the plaintiff's appeal.

The plaintiff assigns as error the overruling of her demurrer *ore tenus* to the defendant's first further answer and defense by way of counterclaim or cross-action.

The plaintiff is relying on two grounds for reversal of the ruling on her demurrer *ore tenus.*

It is conceded that the deed from Thomas P. Perkins and wife to the plaintiff is a fee simple deed on its face. It further appears from the defendant's evidence that Thomas P. Perkins held the absolute fee simple title to the property involved in this controversy at the time he and his wife executed the deed dated 17 August 1950, conveying the property to the plaintiff.

It is well settled in this jurisdiction that a deed absolute on its face cannot be converted into a mortgage without allegation and proof that the clause of redemption was omitted by reason of ignorance, mistake, fraud, or undue advantage. *Streator v. Jones,* 5 N.C. 449; *Bonham v. Craig,* 80 N.C. 224; *Egerton v. Jones,* 102 N.C. 278, 9 S.E. 2; *Norris v. McLam,* 104 N.C. 159, 10 S.E. 140; *Sprague v. Bond,* 115 N.C. 530, 20 S.E. 709; *Newton v. Clark,* 174 N.C. 393, 93 S.E. 951; *Williamson v. Rabon,* 177 N.C. 302, 98 S.E. 830; *Newbern v. Newbern,* 178 N.C. 3, 100 S.E. 77; *Chilton v. Smith,* 180 N.C. 472, 105 S.E. 1; *Davenport v. Phelps,* 215 N.C. 326, 1 S.E. 2d 824.

In the last cited case, *Stacy, C. J.,* speaking for the Court, pointed out that *Pearson, J.,* in delivering the opinion in *Sowell v. Barrett,* 45 N.C. 50, said: "Since *Streator v. Jones,* 10 N.C. 423, there has been a uniform current of decisions, by which these two principles are

established in reference to bills which seek to correct a deed, absolute on its face, into a mortgage or security for a debt:

"1. It must be alleged, and of course, proven, that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage;

"2. The intention must be established, not merely by proof of declarations, but by proof of facts and circumstances, *dehors the deed,* inconsistent with the idea of an absolute purchase. Otherwise, title evidenced by solemn deeds would be, at all times, exposed to the 'slippery memory of witnesses.' "

Moreover, in order to correct a deed absolute on its face into a mortgage, it must not only be alleged and proven that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage, the quantum of proof in such case must be clear, strong and convincing. *Davenport v. Phelps, supra; Ray v. Patterson,* 170 N.C. 226, 87 S.E. 212.

The second ground upon which the plaintiff argues that her demurrer should have been sustained is bottomed on the ground that the defendant was not a party to the deed under which the plaintiff holds the title, and, therefore, he has no legal or equitable right to have the deed reformed. We think this position is also well taken.

It is said in *Sills v. Ford,* 171 N.C. 733, 88 S.E. 636, "A court of chancery cannot (for example) change an agreement between A & B into one between A & C. Bisphams Pr. of Equity, section 468. * * * The authorities are uniform in holding that the relief by reformation of a written instrument will be granted to the original parties thereto, and to those claiming *under* or *through* them *in privity.* Eaton on Equity, p. 621; 24 A. and E. Enc. (2 Ed.), p. 655, and note 87, and *Adams v. Baker,* 24 Nev. 162, in which case it was held: 'In all cases of mistake in written instruments courts of equity will interfere only as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them, with notice of the fact. Story's Equity Jurisprudence, sec. 165.' "

We hold that no privity exists between the plaintiff and the defendant under the facts revealed on the record before us. *Hege v. Sellers,* 241 N.C. 240, 84 S.E. 2d 892; *Sills v. Ford, supra; Moore v. Moore,* 151 N.C. 555, 66 S.E. 598. However, if privity did exist between the plaintiff and the defendant, Thomas P. Perkins and wife would not be necessary parties since they conveyed their entire interest in the property to the plaintiff. *Sills v. Ford, supra; Moore v. Moore, supra.*

In view of the absence of any allegation in the defendant's plead-

ings to the effect that the clause of redemption was omitted by ignorance, mistake, fraud or undue advantage, together with the fact that the defendant was not a party to the instrument he seeks to reform, or in privity with the plaintiff in relation thereto, the demurrer *ore tenus* should have been sustained, and we so hold.

The plaintiff assigns as error the overruling of her demurrer *ore tenus* to the defendant's second further answer and defense by way of counterclaim or cross-action. The only allegation in this cross-action upon which the defendant bottoms his right to establish a parol trust in his favor is as follows: "That plaintiff agreed with the defendant to hold the said property in trust for him, and to reconvey the same under the agreement, that the said property was purchased wholly and completely from the funds of this defendant, and before he married the plaintiff, that the conditions of the trust have been satisfied * * *."

This allegation is not sufficient to warrant the submission of an issue pursuant thereto for the purpose of establishing a parol trust. If the defendant had alleged that the deed was made to plaintiff with the understanding and agreement that she would hold the property in trust for him and would convey the same to him upon the payment of a certain sum or sums of money to her, or upon the performance of some specific act or acts upon which the agreement was predicated, and had further alleged that he had complied with the conditions upon which the agreement was based, he would have stated a cause of action. He does allege that the conditions of the trust have been satisfied. What conditions? These he does not specify or disclose. The payment of the original purchase price by the defendant for the property in litigation before he married the plaintiff, is nothing more than the recital of facts which are neither pertinent to nor challenged by the plaintiff in this action.

It is essential in a case like this for the pleader to allege the facts and circumstances that led up to and created the trust relationship. *Rhodes v. Jones,* 232 N.C. 547, 61 S.E. 2d 725.

"It is well settled that the averments, as to set-off or counterclaim must be definite and certain. Vague, general, and indefinite allegations are not sufficient. The counterclaim is substantially the allegation of a cause of action on the part of the defendant against the plaintiff, and it ought to be set forth with * * * precision and certainty." *Bank v. Hill,* 169 N.C. 235, 85 S.E. 209; *Bank v. Northcutt,* 169 N.C. 219, 85 S.E. 210; G.S. 1-135.

In *Smith v. McGregor,* 96 N.C. 101, 1 S.E. 695, it is likewise said: "A counterclaim should be alleged with clearness and precision; its nature, and the consideration supporting it; when, how, and where

it arose, should be stated with reasonable certainty. This the statute requires, and moreover, it is necessary to just and intelligent procedure. The counterclaim is substantially the allegation of a cause of action on the part of the defendant against the plaintiff, and it ought to be set forth with the same precision as if alleged in the complaint."

Moreover, the defendant alleges in paragraph two of this cross-action that the plaintiff paid no consideration whatsoever for said property when the same was purchased by the defendant; that she has no financial interest in the property and that he is entitled to have the court find that there is a resulting trust in his favor in the event the court should find that the deed to the plaintiff was not a mortgage.

In *Carlisle v. Carlisle*, 225 N.C. 462, 35 S.E. 2d 418, the husband had caused certain land to be conveyed from a third party to his wife, who would hold title to the land, which land was to be used for a campsite, for the joint benefit of herself and the plaintiff, her husband, until a corporation could be formed and the property conveyed thereto. No corporation was formed, and the plaintiff and defendant separated. We held: "The plaintiff and defendant being husband and wife, the fact that the plaintiff paid the purchase price and caused title to be taken in his wife's name does not create a resulting trust in his favor for a one-half undivided interest in the land which he now claims; but, on the contrary, where a husband pays the purchase money for land and has the deed made to his wife, the law presumes he intended it to be a gift to the wife. (Citations omitted.) This presumption, however, is one of fact and is rebuttable. * * * A married woman is under no legal handicap which would prevent her from entering into an oral agreement with her husband to hold title to real estate for his benefit or for their joint benefit. *Ritchie v. White, ante* 450. And to rebut the presumption of a gift to the wife, and to establish a parol trust in his favor, no greater degree of proof is required than is required to establish a parol trust under any other circumstances. To rebut the presumption of a gift to the wife, and to establish a parol trust, the evidence must be clear, strong, cogent, and convincing." *Bass v. Bass*, 229 N.C. 171, 48 S.E. 2d 48.

In our opinion, the allegations in this cross-action are insufficient to withstand the demurrer *ore tenus*, and the exception to the ruling below is sustained.

It would seem that the question of consideration and whether or not the defendant made a gift of this property to the plaintiff are not pertinent matters, unless the defendant can establish a parol trust in his favor and rebut the presumption of a gift to the plaintiff. These are matters determinable in an action to establish a parol trust. We

hold that the third and fourth purported cross-actions do not state or constitute causes of action. Therefore, the demurrer *ore tenus* as to them should have been sustained, and the ruling thereon in the court below is reversed.

### Defendant's Appeal

The defendant assigns as error the refusal of the court below to permit him to amend his pleadings after verdict so as to allege that the clause of redemption in the deed from Thomas P. Perkins and wife to the plaintiff was omitted by reason of ignorance or mutual mistake.

The court properly refused to allow this amendment. The defendant's evidence is insufficient to support such an allegation if it had been allowed.

There is some evidence tending to show that the deed was given to the plaintiff at the request of the defendant without any request on her part and was to be held by her as security for certain indebtedness owed by the defendant to the plaintiff. Even so, the defendant's evidence tends to show the conveyance was made in accord with his request. He testified, "I agreed to have this property conveyed to the plaintiff until I could pay her back and so that she would be protected in the event of my death, so that if I should die while this property was in her name, she would be able to take it. I did this for her own protection, so that in the event of my death my adopted daughter would not be able to contest any of plaintiff's right and to save her trouble. I left the deed recorded in her name even though I held a deed from her to the property. It is normal for any man who wants to leave his wife property at his death to protect her from anyone else coming in and making a claim to it."

The defendant further assigns as error the ruling of the court below, as a matter of law, that the deed from the plaintiff to her husband, the defendant, during coverture, without complying with the statutory provisions of G.S. 52-12, is null and void. The ruling of the court below is in accord with the decisions of this Court and will be upheld. *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598.

The defendant assigns as error the admission of evidence in the trial below, offered by the plaintiff, to establish certain indebtedness as being due from the defendant to the plaintiff when her pleadings contain no allegations setting forth either the amount or details as to such indebtedness. In fact, as we interpret the complaint in this action, the plaintiff seeks only to remove the recorded deed from her to the defendant as a cloud upon her title to the property described in said deed. This assignment of error will be sustained.

In light of the conclusions we have reached on both appeals, the judgment entered below is hereby set aside and the cause is remanded to the end that judgment be entered setting aside the deed dated 18 September 1951 from the plaintiff to the defendant and which is recorded in the office of the Register of Deeds of Mecklenburg County, in Book 1889, page 20, and removing the same as a cloud on plaintiff's title to the property described therein.

However, if the defendant desires to pursue his efforts to establish a parol trust in connection with the conveyance of the property involved from Thomas P. Perkins and wife to the plaintiff, he must do so upon appropriate pleadings in this or in a separate action. Likewise, if the defendant is indebted to the plaintiff in any amount, by reason of the matters and things growing out of this controversy, then the plaintiff should accurately and concisely allege her cause of action in that respect.

Error and Remanded.

PARKER, J., not sitting.